Argued and submitted March 13, affirmed April 23, 2014

In the Matter of the Marriage of

David Wayne DICKSON,
acting by and through Judy Hannon,
Guardian ad litem,
*Petitioner-Respondent,*
*and*

Amy Lynn DICKSON,
*Respondent-Appellant.*

Washington County Circuit Court
C101090DRE;
A150236 (Control), A151761

325 P3d 760

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs was Jensen & Leiberan.

Ann Y. Lechman-Su argued the cause for respondent. On the brief were Peter Bunch and The Law Firm of Bunch, LLC.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

Wife appeals a judgment distributing the parties' marital property and a related supplemental judgment awarding attorney fees. She assigns error to the trial court's denial of her motions to set over the trial date on the property division trial; wife requested the continuance in order to obtain new counsel after the trial court permitted her fifth lawyer to withdraw, and to further prepare for trial. We review for abuse of discretion, *State v. Hug*, 186 Or App 569, 572, 64 P3d 1173, *rev den*, 335 Or 510 (2003), and affirm.[1]

Wife requested a continuance both for the purpose of obtaining new counsel, and because depositions, including wife's deposition, and other potential discovery had not been completed. The record reflects that, at the time, wife was seeking to employ her sixth lawyer. The trial date on the property division issues had already been set over once, over husband's objection, as a result of wife's transition from her fourth lawyer to her fifth lawyer. Wife's third, fourth, and fifth lawyers withdrew because of their difficulties working with wife. Her third lawyer asked to withdraw because "[t]he attorney-client relationship between me and [wife] is such that I can no longer adequately or effectively represent [wife] in this matter." Her fourth lawyer requested to withdraw because

> "[i]t is no longer realistic or reasonable for my firm and I to continue representing [wife] in her dissolution case. [Wife] can be difficult to communicate with at times and her communications are erratic. To the best I can discern, [wife] no longer wants me and my firm to represent her."

Wife's fifth lawyer requested to withdraw for similar reasons, stating that "[a] conflict of interest has arisen between myself and my client[,]" and that wife had indicated that she intended to file a bar complaint against him. And, although depositions and discovery may not have been finished, the record reflects that the parties had had months in which to complete discovery, and that wife's conduct, which included not showing up for her deposition and directing her lawyer

---

[1] To the extent that wife's brief can be construed to assign error to the trial court's decision to permit counsel to withdraw, we reject that assignment without discussion.

not to appear on her behalf at other depositions, interfered with the completion of discovery.

Given that evidence of wife's inability to cooperate with two prior attorneys, as well as that evidence of wife's failure to cooperate during the discovery process, the trial court permissibly inferred that wife's need for a new lawyer arose from wife's inability to cooperate with her fifth lawyer, and that, as the trial court found, there was "no reason to believe that a sixth attorney would end up in a different result than the last five attorneys, which is there'll be a trial date, there'll be a problem, somebody won't be ready and we'll have the same issue[.]" In turn, the trial court acted within its discretion by denying wife's motions for a continuance to the extent that the motions were predicated on wife's need to obtain a new lawyer. "[W]e have consistently held that, in situations in which a party puts *itself* in a position of needing to seek the services of a different attorney before or during trial, a court does not abuse its discretion in denying a motion for a continuance." *Tahvili v. Washington Mutual Bank*, 224 Or App 96, 120, 197 P3d 541 (2008) (emphasis in original).

For similar reasons, the trial court acted within its discretion by denying wife's motions for a continuance to the extent that the motions were predicated on the need to complete discovery. Again, the record reflects that the parties had ample time to conduct and complete discovery, but that wife's conduct thwarted the process. In other words, wife's situation reasonably could have been avoided; there is no indication that discovery would not have been complete, had wife acted reasonably cooperatively and diligently. *See State v. Knight*, 160 Or App 395, 400, 981 P2d 819 (1999) (no abuse of discretion where the bases for the defendant's motion for a continuance were "reasonably avoidable").

Wife nonetheless argues that the trial court abused its discretion by denying the continuance because the trial court knew or should have known that she had "discombobulated" thinking and difficulties communicating that would impair her ability to try her own case. She asserts that, in view of those impediments, the trial court had no choice but to grant the continuance.

It may well be that wife suffered from "discombobulated" thinking and communication difficulties, and that those difficulties both contributed to her inability to cooperate with her lawyers and with the discovery process, and impaired her ability to represent herself. However, absent any suggestion that wife was incapacitated and should have had a guardian *ad litem* appointed under ORCP 27,[2] the trial court faced a difficult choice. The trial court could have further delayed proceedings in the hope that wife could find a lawyer with whom she could cooperate (notwithstanding the increasingly apparent unlikelihood of that transpiring), or the trial court could have proceeded to trial with wife representing herself and facing the obstacles attendant to self-representation and her condition. Although that choice may have been a difficult one, it was one that the trial court was within its discretion to make.

Affirmed.

---

[2] There was no suggestion below, and there is no suggestion on appeal, that wife's "discombobulated" thinking or communication difficulties incapacitate her to a degree that warrants the appointment of a guardian *ad litem* under ORCP 27.