Argued and submitted February 10, reversed and remanded December 30, 2015

James DECKER,
*Petitioner-Appellant,*

*v.*

Nancy KLAPATCH,
*Respondent-Respondent.*

Josephine County Circuit Court
13DR0951RO; A155498

365 P3d 1169

Joan-Marie Michelsen argued the cause for appellant. With her on the brief was The Oregon Law Center.

No appearance for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Petitioner appeals an order dismissing a restraining order that he had obtained under the Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA), ORS 124.005 to 124.040, against respondent.[1] In his first assignment of error, petitioner asserts that the trial court erred by denying his motion for a continuance, which deprived him of the opportunity to present his only witness; in his second assignment of error, petitioner makes the related contention that the trial court erred by refusing to allow him to call his witness. We limit our discussion to the trial court's denial of petitioner's motion for a continuance, conclude that the court erred in denying that motion, and reverse and remand.

We begin with a brief overview of EPPDAPA, which allows an elderly person or a person with a disability who has been the victim of abuse to petition the trial court for relief from such abuse if "the person is in immediate and present danger of further abuse from the abuser." ORS 124.010(1)(a). The petitioner has the burden of proving a claim under EPPDAPA by a preponderance of the evidence. ORS 124.010(2). The trial court is required to hold an *ex parte* hearing on the petition "on the day the petition is filed or on the following judicial day." ORS 124.020(1). Upon a showing that the person with a disability has been the "victim of abuse committed by the respondent within 180 days preceding the filing of the petition and that there is an immediate and present danger of further abuse[,]" the court shall, if requested by the petitioner, grant relief for up to one year. ORS 124.020(1). The showing under ORS 124.020(1) may be made by the testimony of various persons, including "[w]itnesses to the abuse." ORS 124.020(3)(c). Within 30 days after a restraining order is served on the respondent, the respondent "may request a court hearing upon any relief granted." ORS 124.020(9)(a).

In August 2013, petitioner filed a petition for a restraining order against respondent, his former landlord.

---

[1] In accordance with ORAP 5.15, the parties are referred to by their designations in the trial court; thus, appellant is referred to as "petitioner," and respondent on appeal is referred to as "respondent."

Petitioner had previously obtained a restraining order against respondent under EPPDAPA, but had failed to renew that order within the required time and thus sought another restraining order—the order at issue in this case. In his August 2013 petition, petitioner stated that he had disabilities relating to his speech, left leg, and right hand. He alleged that respondent had placed him in "fear of immediate serious physical injury" and that respondent had "used derogatory or inappropriate names, phrases or profanity, ridicule, harassment *** as to place [petitioner] in fear of significant physical or emotional harm." According to the petition, respondent had "broken [the] current/expired [restraining] order numerous times" and had "continue[d her] harassment" of petitioner, such that the police were called "approx[imately] 19 times due to violations."

After an *ex parte* hearing, as provided in ORS 124.020(1), the court found that petitioner was a protected person who had been abused by respondent, that the abuse had occurred within the last 180 days, and that petitioner was in immediate danger of further abuse. The trial court granted a restraining order, specifying that respondent be restrained from "abusing, intimidating, molesting, interfering with, or menacing" petitioner; from coming within 300 feet of his residence; or from contacting him by telephone or email.

After the restraining order was served on respondent, respondent requested a hearing under ORS 124.020(9); that hearing took place in October 2013. At the start of that hearing, the court stated, "Alright and just to let everyone know, we do have a block of four cases today so we do have limited time." The court did not specify how much time petitioner, who appeared *pro se,* would have to present his case.

Petitioner testified first. He testified that his disabilities included breathing difficulties, a speech impediment, a largely nonfunctional left leg due to a military injury, and post-traumatic stress disorder. According to petitioner, respondent had, among other actions, attempted to run him over, followed him, and reported him to the police over 150 times. Petitioner also testified that he had audio and video evidence in support of his allegations against respondent

but that, due to problems with his computer, the audio and video files no longer existed.

In addition, petitioner told the court that he had a witness who was in the courtroom that day who would testify in support of his petition. Specifically, petitioner told the court that he had "a witness who will indicate [that respondent intimidated] us while crossing the street." Petitioner made reference to the witness throughout his testimony, alerting the court to the significance of his witness, stating "I, I'm scared. I, I, I don't have an abundance of evidence anymore. I, I do have one witness. That's all I've got." At the end of his testimony, when asked by the court if he had presented everything that he wished to present, petitioner answered, "Except for my witness."

Respondent's attorney cross-examined petitioner at length. Approximately halfway through the cross-examination, petitioner asked the court, "Can I call my witness before we close up or?" and the court responded, "I don't know if you're gonna have time for witnesses. I need to find out about their side." Throughout the cross-examination, petitioner testified to the accuracy of his claims against respondent and testified that, because of respondent's actions, petitioner was afraid for his safety. At the end of his cross-examination, the following exchange took place, in which the court denied petitioner's motion to continue the case in order to allow him to call his witness:

"[RESPONDENT'S COUNSEL]: * * * Well, no further questions.

"THE COURT: Alright. Thank you sir. You may step down.

"[PETITIONER]: Thank you Ma'am. Do I leave these here or is this, what do I do with this stuff?

"THE COURT: Those are [respondent's attorney's]? Alright, you can give those back to him. Alright and we are really out of time for this hearing. I know that . . .

"[RESPONDENT'S ATTORNEY]: We, we would move . . .

"[PETITIONER]: May I Judge, for a minute?

"THE COURT: Well, let me address first, [petitioner]. Go ahead. [Petitioner], you had said that you wanted to call a witness, but we've used up all the time with your testimony. So now I have to give the other side a chance to present their information and again, we've got three more cases that the Court's gotta hear.

"[PETITIONER]: *Can, can we continue this?*

"THE COURT: *No. We've gotta get this, gotta get this done and all the rest of them done too.*

"[PETITIONER]: *So we won't be hearing my witness?*

"THE COURT: *Won't have time for, for you to call any witness, but you've given your testimony about the event and the Court has taken that into consideration.*"

(Emphases added.)

When presenting the case for respondent, respondent's attorney called respondent as well as a witness on respondent's behalf. After the testimony of that witness concluded, petitioner again asked the court why he was not going to be allowed to call a witness:

"[PETITIONER]: I'm, I'm not, I'm not arguing with the Court, Court in any way. I'm just curious what, why, why were they allowed a witness and not I?

"THE COURT: Sir, each side has a certain amount of time. You spent your time with your own testimony, which of course, you have every right to do. They'll have an amount of time. They can spend it however they choose to spend it. I'm just talking about dividing up the time fairly between two sides. They can call 20 witnesses during the same time period if they so choose.

"[PETITIONER]: Did the time that the gentleman was questioned * * * count against my time?

"THE COURT: I have to count the whole thing sir. Just as I'll count your time questioning this witness and so everyone knows we only have 30 minutes for each of these trials. We're * * * almost an hour on this one so we need to move forward."

During closing argument, petitioner stated, "In, in summary, I realize as, as I said before, before I even started, extraordinary events require extraordinary evidence. I am

short on evidence other than my word and one, one witness." The trial court then ordered that the restraining order against respondent be "dismissed in its entirety."

On appeal, petitioner argues that the trial court did not provide him with a fair hearing, including time to adequately present his case, call a witness to the abuse, sufficiently cross-examine respondent's witnesses, and present his rebuttal to respondent's statements, and that the trial court erred in denying his motion for a continuance. Respondent does not appear on appeal.

This court reviews a trial court's ruling on a motion for a continuance for abuse of discretion. *Dickson and Dickson*, 262 Or App 451, 453, 325 P3d 760 (2014). In determining what constitutes an abuse of discretion, the Oregon Supreme Court has considered whether discretion is exercised "to an end or purpose not justified by, and clearly against, reason and evidence." *Casciato v. Oregon Liquor Control Com.*, 181 Or 707, 717, 185 P2d 246 (1947). As we have stated, whether the "denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *State v. Hickey*, 79 Or App 200, 203, 717 P2d 1287 (1986).

In this case, the reason presented to the trial court for the continuance—to allow petitioner to present his only witness—was a compelling one. After testifying on his own behalf, petitioner needed additional time to present his witness. By denying him a continuance for that purpose, the trial court effectively denied petitioner the opportunity to fully present his case and provide witness testimony that purportedly would have supported the statements set forth in his EPPDAPA petition. *Cf. Howell-Hooyman and Hooyman*, 113 Or App 548, 550-51, 833 P2d 328 (1992) (noting that a trial court "in the exercise of sound discretion, has the authority reasonably to control the presentation of evidence and the examination of witnesses" and that it was an abuse of discretion for the trial court to deny husband, who represented himself, "the opportunity to complete his cross-examination and to present his case-in-chief"); *Hemingway and Mauer*, 247 Or App 603, 607, 270 P3d 375 (2012) (in a

proceeding involving a restraining order under the Family Abuse Prevention Act, the trial court abused its discretion when it did not permit husband to cross-examine wife's witness; court concluded that the "lack of a 'fundamentally fair' hearing allowing husband 'a reasonably complete presentation of evidence and argument' [was] apparent" (quoting *Howell-Hooyman*, 113 Or App at 551)).

Indeed, petitioner alerted the trial court to the importance of his witness's testimony. At the beginning of the hearing, petitioner told the trial court that he had a witness who could testify in support of petitioner's allegations against respondent. Petitioner also testified that he had audio and video evidence in support of his allegations against respondent but that, due to problems with his computer, the files no longer existed. Petitioner therefore stressed that he needed the testimony of the witness to meet his burden of proof.

The court denied the motion, as described above, for reasons of judicial economy—that is, that the court needed to finish all of the cases that day. Although we appreciate the demands of the trial court's docket, there is no explanation in the record as to why, if other cases prevented the court from hearing petitioner's sole witness that day, the case could not have been continued. At least on the record before us, a continuance for the purpose of hearing petitioner's witness would have imposed a minimal burden on the court system while also ensuring that petitioner had a fundamentally fair opportunity to present his case. There is no indication that petitioner was dilatory, had squandered an opportunity to present his witness, or was manipulating the judicial process; rather, he had testified on his own behalf without understanding that the court was imposing that strict time limitation on his case, and he therefore needed additional time to present his witness.[2] Under those circumstances, we conclude that the trial court abused its discretion in denying petitioner's motion to continue the case, and we reverse and remand on that basis.

Reversed and remanded.

_____

[2] We note that the bulk of the time in the hearing went to respondent's attorney for cross-examination of petitioner. In addition, as noted above, respondent testified, as did a witness in her support.