Submitted October 28, 2022, reversed and remanded April 19, 2023

In the Matter of the Marriage of

A. D. L.,
*Petitioner-Respondent,*
*and*

Brandon Mitchell LANE,
*Respondent-Appellant.*

Lane County Circuit Court
20DR12779; A176576

529 P3d 294

Husband appeals a general judgment of dissolution and a supplemental judgment awarding attorney fees. He contends that the trial court abused its discretion by denying his motion to postpone trial for 30 days so that he could hire substitute counsel—which was made the day after his attorney withdrew from the case and one month before trial—and by denying his renewed motion on the morning of trial. *Held*: The trial court's summary denial of husband's first postponement request, without any explanation, was erroneous under existing precedent. As for the renewed motion, the court abused its discretion in denying the request for the reasons that it did, where the court relied at least in part on an incorrect premise to deny the motion (regarding the bases on which husband's prior counsel had withdrawn); where husband had diligently sought to obtain a new attorney and provided the court with the names of two attorneys willing to represent him if the trial was postponed; and where the court failed to consider husband's documented neurocognitive disorder, which by its nature would seriously interfere with his ability to represent himself without counsel.

Reversed and remanded.

R. Curtis Conover, Judge.

Shayna M. Rogers and Cosgrave Vergeer Kester LLP filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Husband appeals a general judgment of dissolution and a supplemental judgment awarding attorney fees. He contends that the trial court abused its discretion by denying his motion to postpone trial, which was made one month before trial, and his renewed motion on the morning of trial. Wife does not appear on appeal. We conclude that the court abused its discretion in denying a postponement in the circumstances of this case. Accordingly, we reverse both judgments and remand for a new trial.[1]

## BACKGROUND

Husband and wife married in 2011. They have one minor child.

In July 2020, wife sought a restraining order against husband under the Family Abuse Protection Act (FAPA), and she filed for marital dissolution. On August 21, 2020, the FAPA case (Case No. 20PO06145) and the dissolution case (Case No. 20DR12779) were consolidated under the dissolution case number.

Husband is disabled, both physically and neurocognitively. The first mention of his disability status was in the FAPA case in July 2020. In response to being ordered to move from the family home, husband attested in an affidavit in support of a hearing request that he is disabled, receives daily homecare through the Department of Human Services (DHS), and has a severe brain injury and cannot always formulate his thoughts, and he provided the name and phone number of his disability case manager.

In late July 2020, the parties reached a stipulated agreement, which the court adopted by order in August. Under that agreement, the temporary restraining order was continued, and the parties assumed obligations regarding the sale of the family home. Husband was permitted to remain in the home until December 3, during which time he could try to sell it with his chosen realtor. If the home did

---

[1] Husband raises a third assignment of error, challenging the supplemental judgment on the merits, but we do not reach that assignment given our disposition.

not sell by that date, then wife would have the opportunity to sell it with her chosen realtor.

The sale of the family home took time, and the parties generally blamed each other for how long it was taking, including each claiming that the other had violated the requirement in the stipulated order to cooperate in the home sale. The parties reduced the listing price in November and again in December. They accepted a full-price offer in January 2021, but the buyer subsequently withdrew. Husband's realtor suggested a third price reduction at that time, to which wife agreed but husband did not.

Meanwhile, in November 2020, husband moved to dismiss the restraining order or to vacate the order requiring him to move on December 3. He asserted that wife was not cooperating in the home sale. He also submitted as an exhibit a DHS document listing the types of in-home assistance that he received, including assistance with bathing, dressing, grooming, housekeeping, meals, medication, decision-making, communication, and challenging behaviors. The court denied the motion in late December.

The dissolution trial was set for February 25, 2021.

On January 7, 2021, wife initiated contempt proceedings, asserting that husband had violated the stipulated order by removing most of the appliances and furnishings from the family home. The contempt hearing was initially set for February 16 on the show-cause docket. Husband asked that it be consolidated with the dissolution trial on February 25, both for efficiency reasons and because he did not believe that the contempt hearing could be completed in the limited time allowed on a show-cause docket. Wife did not object, and the court reset the contempt hearing for February 25. That order was entered on January 19.

The next day, January 20, 2021, husband's attorney moved to withdraw. In her declaration, she stated without elaboration, "I need to withdraw based on the provisions of [Oregon Rule of Professional Conduct] ORPC 1.16(b)." The motion to withdraw was granted on January 27, 2021.

On January 28, 2021, husband moved for a 30-day trial postponement, based on his need to secure a new

attorney. He provided the name, phone number, and address of an attorney who was willing to represent him if the trial was reset, explaining that the attorney had a conflict with the existing trial date. The next day, wife filed an objection and supporting declarations by herself and her attorney. The objection itself was short and raised only procedural issues, as to conference and service requirements. In her declaration, however, wife stated her belief that husband was requesting a postponement simply to increase her attorney fees, in retaliation for her filing for divorce, and she expressed her desire for a speedy resolution of the case, so that she could get her share of the money from the house sale, make plans for the future, and finalize the parenting plan. She pointed to various conduct by husband that she viewed as intended to cause distress and turmoil in her life—not agreeing to the third price reduction on the house, removing the appliances and furnishings, the conduct underlying the restraining order, missed visitations with their child, and unwillingness to negotiate settlement. She also asserted that she would not have agreed to consolidate the contempt hearing with the dissolution trial if she had foreseen husband's request for a continuance.

On February 12, the court denied the motion to postpone in a written order that was entered on February 16. The court did not provide any explanation for its ruling. Trial remained set for February 25.

On February 23, wife filed her trial exhibits. One exhibit was a Social Security Disability Administration (SSD) decision dated January 29, 2021, which found husband to have been disabled since March 2018, including by a neurocognitive disorder that was discussed in detail in the SSD decision.

On the morning of February 25, the parties appeared for trial. The trial took place remotely because Oregon courts were operating under emergency orders at the time, related to the COVID-19 pandemic. Acting *pro se* and appearing by telephone, husband renewed his motion to postpone trial. He explained that he could not handle the trial without an attorney, due to his documented disability that affected his cognitive function and memory. He

stated that he was unable to understand 200-plus pages of legal documents that wife's attorney had emailed to him the night before. He asserted that he lacked the "mental or cognitive function" to represent himself, was not prepared, and needed an attorney to help him. Husband detailed his efforts to hire a new attorney, stating that he had called 38 law firms and that basically every attorney willing to take the case needed 60 days to prepare for trial. He named two different attorneys who were willing to represent him if the trial was reset—including the one named in the original motion—one of whom called wife's attorney on February 11 and was told that wife would not agree to a postponement.

Wife continued to oppose postponement. Through counsel, she reiterated her written objections, and she added that it had taken effort to subpoena her witnesses and get them ready to testify. She contested the timing of husband receiving the trial documents. Wife's attorney confirmed getting a call from husband's prospective attorney and objecting to a postponement. Wife took the position that husband had had enough time to find a new attorney and to prepare for trial.

The court inquired into why the family home had not sold yet. The parties again faulted each other.

Ultimately, the court denied husband's renewed motion to postpone trial. It noted that the motion had previously been denied by a different judge.[2] The court then gave three reasons for denying the renewed motion. First, it pointed to the "bases" on which husband's former attorney had withdrawn, as stated in her declaration in support of the motion to withdraw, without elaborating as to what it understood those bases to be. Second, it relied on the statements in wife's declaration and "the complete history" of the case as demonstrating that the case needed to be resolved. Third, it took issue with the fact that no attorney had filed a notice of legal representation for husband and that husband had made the postponement request *pro se*.

---

[2] The trial court briefly speculated as to why the original motion to postpone might have been denied, but our understanding from the record is that the court did not actually know why the original motion was denied.

Husband immediately sought reconsideration. He reiterated that he was unprepared for trial and that he had memory and cognitive limitations from a disability that was protected under both federal and state law. The court maintained its ruling. It found that husband had sufficient time to hire an attorney and file his postponement request, that husband was provided all evidence and exhibits in advance of trial, and that husband should have been prepared to proceed.

The trial then began. Husband repeatedly raised the issue of his cognitive disability and how it was affecting his ability to represent himself. When husband alerted the court that he could not see the trial exhibits, because he could not open attachments on his cellphone and did not have access to a computer, printer, or scanner, the court had hard copies of wife's exhibits delivered to him over the lunch hour. Otherwise, the court rebuffed husband's complaints about having to represent himself and his disability, which continued throughout trial. During trial, wife called as a witness husband's disability attorney, who testified that husband is disabled and has "severe" impairments, both physical and neurocognitive. The SSD decision was then formally admitted. It states that husband's mental functioning limits his ability to understand, remember, or apply information, to interact with others, to concentrate, persist, or maintain pace, and to adapt or manage himself, and that his medical records document a traumatic brain injury, an inability to manage complex tasks or tasks that require processing more than one source of input at a time, difficulty following instructions or processing even small amounts of verbal information, a limited ability to speak due to fatigue and getting overwhelmed, and emotionality due in part to chronic medical conditions and pain.

At the conclusion of trial, the court entered a general judgment awarding legal custody of the parties' child to wife, with supervised parenting time for husband, and providing for the division of the parties' property. The court later entered a supplemental judgment awarding wife $24,408.50 in attorney fees and costs to be paid by husband. Husband appeals, challenging the denial of his motions to postpone trial.

ANALYSIS

We review the denial of a motion to postpone trial for abuse of discretion. *J. D. v. Klapatch*, 275 Or App 992, 997, 365 P3d 1169 (2015). We will affirm the court's decision if it is "within the range of legally correct discretionary choices and produced a permissible, legally correct outcome." *State v. Romero (A138124)*, 236 Or App 624, 643, 237 P3d 894 (2010) (internal quotation marks and citation omitted). We take a broad and pragmatic approach in making that assessment. *State v. Kindler*, 277 Or App 242, 250, 370 P3d 909 (2016). To properly exercise discretion, a court must inquire into the nature of and reasons for a party's continuance request and evaluate its merits. *State v. Keerins*, 145 Or App 491, 494, 932 P2d 65 (1996) (internal quotation marks omitted). The court must also provide a sufficient record for review, describing the "basic reasons" for its decision and demonstrating that it was based on a correct application of the law and evaluation of the merits. *State v. Stull*, 281 Or App 662, 668, 386 P3d 122 (2016), *rev den*, 360 Or 752 (2017) (internal quotation marks omitted).

Here, husband contends that the court abused its discretion, both in denying his original motion and in denying his renewed motion. He argues that there was no reasonable basis to deny his original motion and that, in any event, the court made an insufficient record of its reasoning. And he argues that the court failed to properly consider his disabilities when it denied the renewed motion.

We agree with husband that the court erred in denying his original motion to postpone trial. Husband filed that motion one day after the court allowed his attorney to withdraw, and he sought only a 30-day postponement, which would have been the first continuance of the dissolution trial (and would have allowed his new attorney 60 days to prepare for trial). Husband provided the name and phone number of an attorney who was willing to represent him if the trial was reset. The court denied the motion two weeks later, without any explanation. In doing so, the court failed to make an adequate record for appellate review, which we have described as itself constituting an abuse of discretion. *See Clark and Dickerson*, 308 Or App 455, 456-57, 480 P3d

329 (2021) (holding that the trial court abused its discretion in denying a continuance request, where the record did not allow for anything but speculation as to its reasoning); *Dept. of Human Services v. N. J. V./D. L. O.*, 290 Or App 646, 651-53, 419 P3d 783 (2018) (same).

That error alone would normally require at least a remand to make an adequate record, if not outright reversal for a new trial.[3] In this case, however, defendant renewed his motion on the morning of trial, and the court again denied it, that time with an explanation, so it is appropriate for us to consider the reasons given for denying the renewed motion. We note that the court did not cite the timing of the renewed motion—*i.e.*, that it was the morning of trial—as a factor in its decision. *See Phillips v. Premo*, 280 Or App 634, 637, 381 P3d 986 (2016) ("Unanticipated circumstances can arise, and a trial court cannot deny a motion for a continuance simply because the motion is made on the day of trial[.]"). Rather, as previously described, the court relied on the bases for husband's former attorney's withdrawal, the need to get the case resolved, and the absence of a filed notice of legal representation.

In the circumstances of this case, it was an abuse of discretion for the court to deny the renewed motion on the grounds that it did. The court knew that husband had moved very quickly to find a new attorney when his former attorney withdrew, had found an attorney who was willing to represent him if the trial was pushed out 30 days, and moved immediately for a 30-day postponement. The trial court also knew that the court had waited two weeks and then denied that motion without any explanation. Husband called dozens of attorneys to try to find someone who would represent him, but no one could do it without a trial reset. The court never suggested that it disbelieved husband's description of the extensive efforts that he had made to

---

[3] When a trial court fails to make an adequate record of its exercise of discretion, we often remand for the court to make the necessary record for appellate review. *Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023). In the specific context of unexplained denials of continuances, however, we have expressly reversed for a new trial in a criminal case, *see State v. Harper*, 81 Or App 422, 425, 725 P2d 942 (1986), and have implicitly reversed for a new trial in at least one marital-dissolution case, *Clark*, 308 Or App at 456-57, and one juvenile dependency case, *N. J. V./D. L. O.*, 290 Or App at 653-54.

obtain a new attorney, and wife's attorney confirmed to the court that one of the attorneys had called and that he had refused on wife's behalf to agree to a continuance.

In that context, the court gave three reasons for denying the renewed motion, each of which is problematic in its own way. First, the court cited the "bases" on which husband's former attorney had withdrawn. The problem with that reasoning is that the record is silent as to the reason for the withdrawal, other than a generic reference to ORPC 1.16(b) in the attorney's declaration. ORPC 1.16(b) permits withdrawal for a number of reasons, some of which involve client misconduct, but others of which do not. In the latter category, withdrawal is allowed any time that it "can be accomplished without material adverse effect on the interests of the client," when the representation is causing a financial burden on the lawyer, or for unspecified "other good cause."[4] The trial court's reliance on the "bases" for the former attorney's withdrawal as a reason to deny the continuance suggests that it misunderstood either the record or ORPC 1.16(b). *See Anderson v. State Farm Mutual Automobile Ins. Co.*, 233 Or App 250, 255, 225 P3d 133, *rev den*, 348 Or 621 (2010) (explaining that a court abuses its discretion if its decision is based on a misunderstanding of the record).

The trial court's third reason for denying the renewed motion is also unsound. Essentially, the court held it against

---

[4] Subject to certain limitations, ORPC 1.16(b) allows a lawyer to withdraw from representing a client if:

"(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

"(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

"(3) the client has used the lawyer's services to perpetrate a crime or fraud;

"(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

"(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

"(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

"(7) other good cause for withdrawal exists."

husband that he made a *pro se* request for postponement, rather than an attorney filing a notice of representation and then moving for postponement on husband's behalf. Although the latter approach might be ideal in some respects, we do not see how husband can be faulted for the somewhat unsurprising fact that he could not find an attorney who was willing to take the risk of committing to represent him *before* the continuance necessary to fulfill that commitment had been obtained. *See Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005) ("The trial court abuses its discretion if it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence.").

That leaves the second reason that the court cited for denying the renewed motion, which is that the case needed to be resolved, based on wife's declaration and the "complete history of the case." The dissolution petition was filed on July 28, 2020, and trial was set to take place on February 25, 2021. Neither party had previously requested a trial postponement. Most dissolution cases need to be resolved so that the parties can get on with their lives, but that need must be balanced against other considerations. As for the sale of the family home, to the extent that wife or the court believed that husband was violating the stipulated agreement by not agreeing to a third price reduction, that issue could have been addressed separately from the dissolution trial if a quicker resolution was needed. In any event, even "strong" reasons to deny a continuance request must be weighed against the considerations that favor granting it. *Phillips*, 280 Or App at 641; *see, e.g.*, *J. D.*, 275 Or App at 997-98 (holding that it was error to deny a continuance that would have allowed a party to secure his only witness for a contested restraining-order hearing, where it "would have imposed a minimal burden on the court system while also ensuring that petitioner had a fundamentally fair opportunity to present his case").

In some circumstances, the assertions contained in wife's declaration and a general need to get the case resolved might be enough to justify denying the renewed postponement request, even in the face of husband's diligent efforts to find a new attorney and timely requests for a reasonable

postponement. In this case, however, there is a significant consideration weighing in favor of postponement that the trial court does not seem to have seriously considered and that, in our view, made it an abuse of discretion to deny the postponement.

That consideration is husband's documented neurocognitive disability. Because different judges were involved at different points in the case, it is unclear whether the judge who denied the original motion to postpone was actually aware of husband's disabilities, even though the court record in the consolidated cases contained some information about them. By the time husband made his renewed motion, however, there is no question that the court was on notice of husband's neurocognitive disability. Husband explained to the court that he had a documented disability that affected his cognitive function and memory and rendered him unable to represent himself. As soon as the court denied the renewed motion without any mention of his disability, husband asked the court to reconsider, reiterating that he was not prepared, that both the state and federal government recognize him as disabled, that he has memory issues and cognitive function issues, that his "health cannot deal with this," and that he is legally protected for his disability. At no time did wife contest that husband was disabled in the manner that he was representing, and, in fact, she had filed the SSD decision with the court just two days earlier, which thoroughly documented the nature of husband's disabilities.

It appears from the record that the court did not even consider husband's neurocognitive disability, let alone properly weigh it against wife's desire for the case to be resolved quickly and her belief that husband was stalling to punish her for the divorce. If the trial court wanted more details about husband's disability, it knew enough that it needed to ask. *See State v. Thomas*, 266 Or App 642, 647, 338 P3d 762 (2014) (to properly exercise its discretion, a court must inquire into a party's reasons for a continuance request). Otherwise, faced with a party who was asserting that he had a documented neurocognitive disability that caused him to be unable to represent himself, who had diligently sought to obtain a new attorney when his former attorney withdrew, and who had acted promptly to request

a reasonable continuance so that he would be represented, the court abused its discretion in denying the continuance request and requiring husband to represent himself.

Finally, we readily conclude that the court's error was not harmless. It is obvious from the record that husband was unable to effectively represent himself at trial without the assistance of an attorney. He voiced his difficulty keeping pace at various points, frequently expressed frustration, continued to refer to his disability, and had an emotional outburst. *See Clark*, 308 Or App at 456-57 (where the husband in a dissolution proceeding moved for a continuance because his lawyer was unable to appear, and the trial court abused its discretion in denying the continuance, we "readily conclude[d] that the court's error was not harmless").

In sum, the trial court erred in denying husband's original postponement motion without any explanation whatsoever, and it erred in denying husband's renewed motion for the reasons that it did and without properly considering husband's neurocognitive disability. We therefore reverse the general judgment of dissolution. The supplemental judgment is also reversed, by operation of law. *See* ORS 20.220(3)(a) (providing that, when we reverse a judgment "to which an award of attorney fees or costs and disbursements relates[,]" then "the award of attorney fees or costs and disbursements shall be deemed reversed").

Reversed and remanded.