No. 264			March 26, 2025			281

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Michael Anthony BAKER,
*Petitioner-Respondent,*
*and*

Linda Lee CHILDRESS-BAKER,
*Respondent-Appellant.*

Linn County Circuit Court
21DR05569; A178779

Brendan J. Kane, Judge.

Argued and submitted May 8, 2024.

Elaine D. Smith-Koop argued the cause for appellant. Also on the briefs was Elaine D. Smith-Koop, LLC.

George W. Kelly argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, Pagan, Judge, and Mooney, Senior Judge.

PAGÁN, J.

Reversed and remanded.

## PAGÁN, J.

Wife appeals from a general judgment of dissolution of marriage and a supplemental judgement enforcing parenting time. Wife raises three assignments of error. In her first assignment of error, wife argues that the trial court erred when it denied three motions she made to postpone trial, because it did not provide a reason for the denials. We agree that the trial court abused its discretion when it failed to provide any explanation for the denials. Wife's other two assignments of error relate to decisions made after the motions to postpone and might not recur on remand, and, therefore, we do not address them. We thus reverse and remand.

Husband and wife married in 2007 and had three children together. Husband filed for divorce in 2021. Trial was set for April 26, 2022. On March 17, wife's counsel filed a motion to withdraw, and filed the first motion to postpone trial, so as to give wife time to find new counsel. There had been no prior continuances. Husband objected to the motion to postpone, requesting that before any postponement, the court adjust parenting time and spousal support, and address a child support issue. On March 24, the court granted the motion to withdraw. On March 28th the court denied the motion to postpone. The court did however, at a hearing that took place regarding discovery issues, adjust parenting time, suspend spousal support, and address the child support issue.

On April 19, one week before trial, wife filed a *pro se* second motion to postpone the trial, noting that she needed more time to find an attorney. Husband did not oppose the motion. The trial court denied the second motion without explanation. On April 22, two business days prior to trial, wife filed a *pro se* third motion to postpone, citing the recent hospitalization of one of the children (whom she then had custody of). Medical records indicated that the child had visited the emergency room and been diagnosed with pneumonia. Husband again did not oppose the motion. The court denied the third motion without explanation.

The parties appeared for trial on April 26, but the court then delayed the trial for one week due to the court's

schedule. The parties again appeared for trial on May 2, at which point wife was still unrepresented. No trial took place, as the court first addressed a pretrial discovery issue, struck wife's pleadings as a discovery sanction, and entered a default judgment against wife. A supplemental judgment to enforce parenting time was entered after an August hearing, in which wife was represented by counsel. Wife timely appealed from both judgments.

On appeal, wife argues that the trial court erred by failing to provide any reasoning for the denial of her motions to postpone, and that the denials were unreasonable in the face of the withdrawal of wife's counsel and the hospitalization of one of the children. We agree that the trial court abused its discretion by failing to provide any factfinding or explanation for any of the three motions.

We review the denial of a motion to postpone trial for abuse of discretion. *A. D. L. and Lane*, 325 Or App 355, 361, 529 P3d 294 (2023). To that end,

> "[w]e take a broad and pragmatic approach in making that assessment. To properly exercise discretion, a court must inquire into the nature of and reasons for a party's continuance request and evaluate its merits. The court must also provide a sufficient record for review, describing the 'basic reasons' for its decision and demonstrating that it was based on a correct application of the law and evaluation of the merits."

*Id.* (internal citations omitted). When a trial court fails to explain a denial of a motion to postpone, it also fails to make an adequate record for appellate review, which is itself an abuse of discretion. *Id.*

To the extent that it could be inferred that the first motion was being denied due to husband's opposition, we rejected a similar argument in *A. D. L.,* 325 Or App at 364 (noting that in some circumstances, a party's declarations against a postponement request could be a sufficient basis to deny a motion without further explanation, but that they were not sufficient under the circumstances). Additionally, after wife's first motion but before her second, the court addressed all of the issues husband had raised in his opposition. Husband did not oppose the second or third motions.

Husband argues that wife's *pro se* postponement motions invited the error because they did not ask for an explanation from the court, as the proposed orders had only a yes or no checkbox. But the motions and proposed orders were made on a copy of a form motion created by court staff for use by litigants. That the court failed to create an appropriate form, or that the court did not supplement the form with an explanation, is not wife's error.

Husband also argues that wife was not prejudiced by the denials. But the effect of the denial of a postponement here was that she did not have counsel. In turn, her pleadings were struck and a default judgment entered as a discovery violation sanction. As wife raises in her second assignment of error, the court failed to make factual findings or explain why the sanction was just. *See Pamplin v. Victoria*, 319 Or 429, 431, 877 P2d 1196 (1994) (A court imposing discovery sanctions must "make findings of fact and must explain why that sanction is 'just'" and must find that the disobedient party acted in "willfulness, bad faith, or fault of a similar degree."). We struggle to imagine the same outcome would have occurred had counsel been there to frame the issue, facilitate discovery, argue for a lesser sanction, or object to the court's summary decision. The court erred when it failed to provide any explanation for denying wife's three motions to postpone.

Reversed and remanded.