On appellant's petition for reconsideration filed November 21, 2016;
reconsideration allowed, former opinion (282 Or App 203, 384 P3d 175) adhered
to as corrected and clarified February 23, 2017

In the Matter of K. L. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. B.,
*Appellant.*

Wasco County Circuit Court
J13033;
Petition Number J1303302;
A161860

391 P3d 999

Shannon Storey, Chief Defender, Juvenile Appellate
Section, and Shannon Flowers, Deputy Public Defender,
Office of Public Defense Services, for appellant.

Before Ortega, Presiding Judge, and Egan, Judge, and
Lagesen, Judge.

## PER CURIAM

Mother petitions for reconsideration of our decision in *Dept. of Human Services v. M. L. B.*, 282 Or App 203, 384 P3d 175 (2016). For the reasons that follow, we allow reconsideration to correct a mistake, and adhere to our original disposition as corrected and clarified in light of that mistake.

This appeal arises from a judgment terminating mother's parental rights to her daughter, K. Our original opinion, minus a single footnote stated, in full:

> "Mother appeals from a judgment terminating her parental rights to her daughter K. Mother, who did not appear at the termination trial, argues that the judgment must be reversed because her attorney "mounted no defense on her behalf, which rendered his assistance inadequate." However, as we recently have held, *because* Mother did not appear at the trial, ORS *419B.815(8)* prohibited her attorney from participating in the trial on her behalf. *Dept. of Human Services v. S. C. T.*, 281 Or App 246, 261, 380 P3d 1211 (2016) ("Put another way, parents' attorneys cannot save parents from the legal effect of parents' absence by acting for parents to challenge the evidence presented."). Mother's claim of inadequate assistance necessarily fails for that reason. Because Mother's attorney was statutorily prohibited from presenting a defense at the trial, he was not inadequate for failing to do so. Accordingly, we must affirm. Our affirmance is without prejudice to Mother's ability to seek relief from judgment pursuant to ORS 419B.923 on other grounds, if such grounds exist."

*Id.* at 204 (First emphasis in original; second emphasis added.).

In the petition for reconsideration, mother points out that the statute that we cited, ORS 419B.815(8), applies only to proceedings to establish dependency jurisdiction and does not apply in termination proceedings. Mother notes that ORS 419B.819(8), which is worded almost identically to ORS 419B.815(8), applies.

Mother is correct that ORS 419B.819(8), rather that ORS 419B.815(8), applies to termination proceedings, and we erred in stating otherwise. We nonetheless adhere

to our original disposition. As mother acknowledges, ORS 419B.819(8),[1] like ORS 419B.815(8), by its terms prohibits an attorney from appearing on a parent's behalf where, as here, the parent has been summoned or ordered to appear personally. Thus, consistent with our decision in *S. C. T.* that the almost-identically worded ORS 419B.815(8) precluded an attorney from appearing on a parent's behalf when a parent fails to appear in proceedings to establish dependency jurisdiction, we conclude that ORS 419B.819(8) barred mother's attorney from taking action on her behalf at the termination trial when mother failed to appear at trial. Because that statute barred mother's attorney's participation in the trial, her claim of inadequate assistance necessarily fails. As we noted previously, mother does not contend that she had a reasonable excuse for failing to appear, and that her attorney was inadequate for failing to request a continuance, which would present a different question. Our disposition also remains without prejudice to mother's ability to seek relief pursuant to ORS 419B.923 on other grounds, if such grounds exist.

Reconsideration allowed; former opinion adhered to as corrected and clarified.

---

[1] ORS 419B.819(8) states:

"If the summons requires the parent to appear personally before the court, or if the court orders the parent to appear personally at a hearing * * * the parent may not appear through the parent's attorney."