DEHOOG, P. J.
*648 Mother and father separately appeal judgments establishing guardianships under ORS 419B.366 for their two children, A and J. Each parent raises both procedural and substantive challenges on appeal. We write only to address mother's first assignment of error, in which she contends that the juvenile court erred in denying her motion to continue the guardianship hearing to enable her to obtain and introduce the results of a mental health evaluation that she had recently completed.[1] For the reasons that follow, we agree with mother that the juvenile court abused its discretion when it denied her motion to continue the guardianship hearing without making a record of its reasons for doing so. Accordingly, we reverse and remand.
The facts relevant to mother's first assignment of error are largely procedural. In August 2013, the Department of Human Services (DHS) removed A and J from parents' care and placed them in nonrelative foster care. Based upon mother's and father's admissions, the juvenile court asserted jurisdiction in December 2015. Mother specifically admitted to the following allegation:
"Mother has struggled with mental health and substance abuse issues and needs to address those issues in order to be safely reunified with her child[ren] and to prevent a threat of harm to the child[ren]."
In July 2016, DHS moved to change the permanency plans for A and J, who remained in foster care, from reunification to guardianship. See ORS 419B.476(2)(a) (juvenile court may change plan if it determines that DHS has made reasonable efforts to make it safe for children to return home and that parents have not made sufficient progress for that to occur); ORS 419B.476(5)(e) (authorizing permanency plan of guardianship when neither reunification nor adoption is in best interests of children). As grounds for that change, DHS alleged, among other things, that mother had not made sufficient progress in addressing the jurisdictional bases to which she had admitted. Following a contested *649 hearing, the juvenile court changed the permanency plan to guardianship.[2]
Finally, in May 2017, DHS moved the juvenile court for an order establishing A and J's foster parent as their legal guardian under ORS 419B.366.[3] In response to that request, *785 the court scheduled a hearing for June 20, 2017. On June 14, however, mother's attorney filed a written motion to continue the scheduled hearing, stating that, on June 5, mother had completed an assessment of her current mental health status and need for substance abuse treatment, but that she did not yet have the written results and did not anticipate having them available by the scheduled hearing date. Counsel also explained that, based upon the anticipated results of the assessment, it would be necessary to call additional witnesses to testify on mother's behalf. Finally, counsel explained that the results of mother's assessment were relevant to whether she could safely parent A and J and whether in fact a guardianship was necessary. Mother's motion indicated that DHS opposed any postponement, but did not state DHS's grounds for its objection.
At a trial-readiness hearing held on June 15, evidently without receiving a written objection from DHS, the juvenile court denied mother's request for a continuance. The entire text of the court's order reads: "MOTHER's Motion to Continue the contested Guardianship Hearing currently *650 set for June 20, 2017 is Hereby: X DENIED." (Capitalization and underscoring in original.) There is no other record of the court's decision, including any argument that DHS may have made or that the court may have relied on in exercising its discretion to deny the requested continuance.[4]
On June 20, 2017, the juvenile court proceeded with the guardianship hearing as scheduled. In ruling that the evidence supported DHS's request that A and J's foster parent be appointed their guardian, the court discussed its view that mother had not made meaningful progress toward addressing the issues that brought the children under the court's jurisdiction. The court first recounted mother's lengthy history of substance abuse and related involvement with the criminal justice system, as well as the effects of that history on her children. Turning to mother's mental health issues, the court explained:
"[Mother] also has a diagnosis which I've referenced of severe personality disorder, not situational, with features of narcissism and histrionics. The prognosis back then for you being able to be reunited with your children and to safely and appropriately parent was not great at that time and it does not appear that you have progressed or changed in any way ."
(Emphasis added.)
Based upon that reasoning and the evidence presented at the hearing on June 20, the juvenile court entered orders and judgments establishing A and J's foster parent as their guardian under ORS 419B.366. This appeal followed.
Mother argues on appeal that the juvenile court erred when it denied her motion to continue the guardianship hearing. As we recently reiterated,
"[w]e review the denial of a motion for a continuance for abuse of discretion. State v. Ferraro , 264 Or. App. 271, 280, 331 P.3d 1086 (2014). A court errs if it 'fails to exercise discretion, refuses to exercise discretion or fails to make a record which reflects an exercise of discretion.'
*651 State v.Mayfield , 302 Or. 631, 645, 733 P.2d 438 (1987) ; State v. Romero , 236 Or. App. 640, 643-44, 237 P.3d 894 (2010)."
Phillips v. Premo , 280 Or. App. 634, 637, 381 P.3d 986 (2016).
Mother contends that the juvenile court's denial of her motion constituted an abuse of discretion in two ways: first, because there *786 was no reasonable basis on which to deny her request and, second, because, even if there were grounds to support the denial, the court erroneously failed to make a record reflecting an exercise of discretion. In response, DHS acknowledges that there is no explicit record of the court's exercise of discretion. DHS argues, however, that the court did not err, because the record on appeal supports the juvenile court's implicit reasoning behind its denial of a continuance, and that implicit reasoning supports the manner in which the court chose to exercise its discretion. DHS further argues that, in any event, any error by the juvenile court was harmless and that we should affirm on that basis alone.
For the reasons that follow, we agree with mother that the juvenile court abused its discretion by failing to make a record reflecting an exercise of discretion; further, we cannot conclude on this record that the error was harmless. As a result, it is not necessary for us to consider whether, as mother suggests, the evidence available to the court could not, if properly considered, have warranted a denial of her request.
As noted, DHS contends, in effect, that it is immaterial that the juvenile court did not expressly articulate its reasons for denying mother's motion. Quoting our decision in Ferraro , 264 Or. App. at 281, 331 P.3d 1086, DHS argues that whether a court's decision to deny a motion to continue constitutes "an abuse of discretion 'depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied.' "[5] Here, DHS points out, *652 counsel's declaration offered no explanation as to why mother could not have obtained an evaluation earlier. DHS further observes that, even though the juvenile court did not explain its decision on the record, there are reasons apparent from the record to support the court's exercise of discretion. DHS cites State v. Conrad , 280 Or. App. 325, 381 P.3d 880 (2016), rev. den. , 360 Or. 851, 389 P.3d 1141 (2017), and argues that, given the specific and limited reason that mother gave for a continuance, as well as various reasons to move forward with the hearing-such as the great age of the case and the children's need for permanency-we should conclude that the juvenile court implicitly balanced those competing interests and reasonably concluded that the interests of the state and children outweighed mother's interest in presenting her evaluation.
In our view, DHS's reliance on Conrad is misplaced. In that case, decided under OEC 403, the defendant's written motion in limine argued both that the challenged evidence had little probative value and that it was unfairly prejudicial, explaining each of those points in some detail. 280 Or. App. at 331, 381 P.3d 880. The trial court held a hearing on the record to consider those arguments, expressly noting that it had the defendant's written motion before it, and allowing the defense and the state to orally argue whether the evidence was more prejudicial than probative. Id . Emphasizing that we viewed those circumstances to be "the rare case" in which we would overlook the trial court's failure to articulate, in the manner contemplated by Mayfield , how it had exercised its discretion under OEC 403, we held that the record was sufficient to allow us to conduct meaningful review. Id . at 332, 381 P.3d 880 (noting that, despite a "very thin record," we were able to determine that the trial court had, in fact, exercised its discretion and how it had done so); see State v. Garcia-Rocio , 286 Or. App. 136, 143, 399 P.3d 1009 (2017) (noting that Conrad presented the rare case where, despite a very thin record, we were satisfied that the court implicitly conducted the required balancing under OEC 403 );
*653 State v. Anderson , 282 Or. App. 24, 30, 386 P.3d 154 (2016), rev. allowed , *787 361 Or. 486, 395 P.3d 869 (2017) (distinguishing Conrad as "the rare case" where we could conduct meaningful review of the trial court's exercise of discretion despite the absence of express reasoning).
Here, in contrast, there is nothing to permit us to meaningfully review the juvenile court's exercise of discretion in denying a continuance. There is not even the "very thin record" present in Conrad to suggest that the court, in fact, considered the reasons set forth in mother's motion and supporting declaration, weighed those against competing considerations such as those expressly identified for the first time on appeal, and concluded that the latter considerations outweighed mother's interest in having the court consider an updated assessment of her mental health status and her related substance abuse needs. Accordingly, we conclude that the juvenile court abused its discretion when it denied a continuance without expressing any reason.
We also reject DHS's argument that we should not reverse the judgments because any error in denying mother's request was not prejudicial. See State ex rel Dept. of Human Services v. K. C. , 227 Or. App. 216, 230, 205 P.3d 28, rev. den. , 346 Or. 257, 210 P.3d 905 (2009) (court will not reverse a denial of a continuance in absence of both an abuse of discretion and prejudice to the moving party). According to DHS, mother has not shown that the results of her assessment would have affected the court's decision if they had been available for the guardianship hearing. That is, given the age of the case, the court's familiarity with the family (having held permanency hearings in July 2016 and April 2017), and mother's lack of progress to date relative to the children's "desperate need for permanency," the juvenile court would likely have reached the same decision even if mother had been able to introduce the results of her assessment. Or so, at least, DHS argues.
Whatever the merits of that argument may be, we disagree that any error by the court in denying a continuance was harmless. As quoted above, at the guardianship hearing, the juvenile court expressly considered mother's historical mental health and substance abuse issues, and her apparent failure to "progress[ ] or change[ ] in any way. "
*654 (Emphasis added.) It is evident to us that the issues mother sought to address with an updated assessment were precisely the issues that the juvenile court considered most significant when deciding whether to appoint A and J's foster parent as their guardian. In light of the court's express consideration of the issues that the evaluation was intended to address, the court may well have found it significant if the evaluation showed that mother had, in fact, progressed or changed. Under those circumstances, we conclude that mother was prejudiced by the denial of her motion to continue the guardianship hearing. Accordingly, we reverse and remand the judgments of guardianship. See Fults , 343 Or. at 523, 173 P.3d 822 (reversing and remanding where court failed to explain its discretionary decision); Cf. State v. Harper , 81 Or. App. 422, 425, 725 P.2d 942 (1986) (reversing conviction and remanding for new trial where record did not reflect consideration of the defendant's reasons for a continuance).
On mother's appeal, reversed and remanded; on father's appeal, affirmed.

Our disposition on that assignment renders it unnecessary to address mother's remaining assignments of error, and we reject father's assignments of error without written discussion.

Between the change in plan and DHS's motion to establish guardianship, mother unsuccessfully moved the court to change the permanency plan from guardianship back to reunification, and we affirmed that decision without a published opinion.

ORS 419B.366 provides, in relevant part:
"(5) If the court has approved a plan of guardianship under ORS 419B.476, the court may grant the motion for guardianship if the court determines, after a hearing, that:
"(a) The ward cannot safely return to a parent within a reasonable time;
"(b) Adoption is not an appropriate plan for the ward;
"(c) The proposed guardian is suitable to meet the needs of the ward and is willing to accept the duties and authority of a guardian; and
"(d) Guardianship is in the ward's best interests. In determining whether guardianship is in the ward's best interests, the court shall consider the ward's wishes.
"(6) Unless vacated pursuant to ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328."

After mother filed her notice of appeal, the transcript coordinator for the Deschutes County Circuit Court explained in a letter to the Court of Appeals that there was no record of the oral proceedings on June 15, 2017, as the hearing was a pretrial status conference that was not recorded.

Although DHS cites Ferraro , a case that applies the Mayfield analysis to a trial court's denial of a motion to continue, DHS suggests that the same analysis may not apply to motions to continue in juvenile proceedings, which involve "qualitatively different considerations than an evidentiary determination in a criminal case." We note, however, that the Supreme Court has stated, in contexts other than the evidentiary context of Mayfield , that a court exercising its discretion " 'must articulate its reasons for doing so.' " State v. Fults , 343 Or. 515, 521-22, 173 P.3d 822 (2007) (quoting Ailes v. Portland Meadows, Inc. , 312 Or. 376, 381, 823 P.2d 956 (1991), and holding that Court of Appeals erred in failing to expressly state basis for discretionary consideration of plain error).