Argued and submitted November 9, 2020, reversed and remanded
January 6, 2021

In the Matter of the Marriage of

Cynthia L. CLARK,
*Petitioner-Respondent,*
*and*

Douglas G. DICKERSON,
*Respondent-Appellant.*

Clatsop County Circuit Court
19DR11184; A173254

480 P3d 329

Paula Brownhill, Senior Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Gregory C. Ramsower argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this appeal of a general judgment of dissolution, husband challenges the trial court's denial of his request for a continuance. On the day of trial, a colloquy occurred between husband and the court in which husband explained that he had twice requested a continuance but had not received a response from the court and, upon husband asking why he was being denied a continuance when his lawyer was unable to appear, the court responded by (1) asking husband who his lawyer was and noting that the lawyer whom husband identified as his lawyer had not filed an appearance and (2) declaring that "this is the time for trial and we're going forward."

The trial proceeded, and husband, representing himself, failed to make arguments that a lawyer could have made concerning the court's division of property. On appeal, husband's argument is two-fold. First, husband argues that the trial court abused its discretion in denying the continuance request. *State v. Ferraro*, 264 Or App 271, 280, 331 P3d 1086 (2014) (the denial of a motion for a continuance is reviewed for abuse of discretion). Second, husband asserts that the trial court failed to make a record that explains its exercise of discretion to deny the request for a continuance. *Dept. of Human Services v. D. L. O.*, 290 Or App 646, 653, 419 P3d 783 (2018) (concluding that trial court abused its discretion when it denied motion for a continuance without an explanation). Wife responds that the trial court's denial of husband's request was a legally permissible outcome and that the court did not therefore abuse its discretion. As for husband's argument that the court failed to explain itself, wife argues that the colloquy was a fact-finding inquiry that was sufficient to create a record explaining its decision. Implicit in the court's questioning of husband, wife asserts, is an evaluation of husband's credibility and lack of good cause.

We agree with husband that the record is insufficient for us to meaningfully review the court's exercise of discretion in denying husband's request for a continuance. *D. L. O.*, 290 Or App at 651-53. We are not persuaded by wife's speculative assertion that the court was making implicit findings

in the course of discussing husband's request. Further, wife never made an argument to the trial court as to why it should deny the continuance request; such an argument could have provided context that would have explained the court's denial. *See State v. Anderson*, 363 Or 392, 408, 423 P3d 43 (2018) ("[A] court will make a sufficient record * * * if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations."). That leaves the court's remaining statement that "this is the time for trial and we're going forward," which is nothing more than a statement of fact and a denial of the continuance. Consequently, the trial court abused its discretion when it denied husband's request to postpone the trial without expressing any reason for doing so.

Because we also readily conclude that the court's error was not harmless, we reverse and remand the judgment of dissolution. *See State v. Fults*, 343 Or 515, 521-22, 173 P3d 822 (2007) (reversing and remanding where court failed to explain its discretionary decision); *D. L. O.*, 290 Or App at 654 (same).

Reversed and remanded.