No. 561 June 25, 2025 425

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

R. M.,
*Petitioner-Respondent,*

*v.*

DAVID McNEER,
*Respondent-Appellant.*

Lane County Circuit Court
22PO01637; A179857

Debra K. Vogt, Judge.

Argued and submitted January 9, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Rachael A. Federico argued the cause for respondent. Also on the brief was Rachel M. Hungerford and Legal Aid Services of Oregon.

Rosemary W. Brewer, Emily S. La Brecque and Margaret Garvin filed the brief *amicus curiae* for National Crime Victim Law Institute and Oregon Crime Victims Law Center.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this domestic relations proceeding, respondent seeks reversal of a Family Abuse Prevention Act (FAPA) restraining order, ORS 107.700 to 107.735. On appeal, respondent raises two assignments of error. First, respondent asserts that the trial court erred by granting petitioner's Motion to Assert Petitioner's Rights and for Protective Order that limited respondent's ability to depose petitioner before the FAPA trial. Second, respondent asserts that the trial court erred by ruling that respondent posed a credible threat to petitioner's physical safety. For the reasons discussed below, we conclude that the trial court did not err by granting petitioner's motion to limit discovery or by determining that respondent posed a threat to petitioner's physical safety. Accordingly, we affirm.

We begin with a brief overview to give our decision context. Respondent and petitioner are divorced parents of two minor children. The parties continued an on-again-off-again intimate relationship after their divorce. Although some sexual contact was consensual, petitioner asserted that respondent repeatedly exceeded the boundaries that she set for consensual sex acts and alleged instances of abuse.

Due to respondent's conduct, petitioner filed a petition for a FAPA restraining order against respondent. Before respondent was able to depose petitioner to prepare for the FAPA trial, the state brought criminal charges against respondent for the same conduct underlying the FAPA petition. Petitioner then moved for a protective order to postpone her deposition until after the criminal charges were resolved. Petitioner argued that ORCP 36 C gave the trial court discretion to limit discovery because it would pose an undue burden.[1] Specifically, petitioner argued that

---

[1] ORCP 36 C(1) provides, in full:

"On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: that the discovery not be had; that the discovery may be had only on specified terms and conditions, including a designation of the time or place; that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; that certain matters not be inquired into, or that the scope of the discovery be limited to certain

allowing respondent to depose her in the FAPA restraining order case would circumvent her rights under Article I, section 42(1)(c), of the Oregon Constitution, and that it would be an undue burden to be deposed for a civil proceeding regarding the same set of facts as a concurrent criminal proceeding.[2] She also argued that requiring her to be deposed would expose her to intimidation and harassment. After a hearing on petitioner's motion, the trial court granted a protective order that prohibited respondent from deposing petitioner until the criminal charges were resolved.

At the contested FAPA hearing, petitioner testified about numerous instances of physical abuse, including bite marks and bruising, strangulation, and coerced vaginal penetration. Petitioner introduced photos, which the trial court noted were "pretty darn damning" to corroborate her testimony of abuse. Petitioner also testified that respondent repeatedly threatened to kill and rape her, including telling her in detailed ways how he would carry out these actions.

Ultimately, the trial court granted the FAPA restraining order, and respondent timely appealed. However, at the time of this appeal and before either party submitted their appellate briefs, both the FAPA restraining order and criminal case against respondent were dismissed.

*The trial court did not err by granting petitioner's Motion to Assert Petitioner's Rights and for Protective Order.* In his first assignment of error, respondent argues that the trial court erred by granting petitioner's motion to limit respondent's ability to depose petitioner before the trial. We review a trial court's decision to grant or deny a protective

matters; that discovery be conducted with no one present except persons designated by the court; that a deposition after being sealed be opened only by order of the court; that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or that to prevent hardship the party requesting discovery pay to the other party reasonable expenses incurred in attending the deposition or otherwise responding to the request for discovery."

[2] Article I, section 42(1)(c), provides that a crime victim has the "right to refuse an interview, deposition or other discovery request by the criminal defendant or other person acting on behalf of the criminal defendant provided, however, that nothing in this paragraph shall restrict any other constitutional right of the defendant to discovery against the state[.]"

order under ORCP 36 C for abuse of discretion. *Citizens' Utility Board v. Public Utility Commission*, 128 Or App 650, 656, 877 P2d 116, *rev den*, 320 Or 272 (1994); *see also Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that a discretionary decision is legally impermissible if it is "based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

On appeal, respondent argues that the trial court applied constitutional and state criminal protections to this civil proceeding, and thus the court erred by granting the protective order and limiting discovery. Specifically, respondent asserts that crime victims' rights enshrined in Article I, section 42, of the Oregon Constitution and ORS 135.970, in particular the right that named criminal victims can refuse to be deposed in criminal prosecutions, do not extend to civil cases or have any effect on civil discovery. Thus, respondent argues that, if a motion to limit discovery is based on a pending criminal proceeding, as respondent asserts the motion here was, then the court lacks discretion to limit depositions. Respondent contends that this error is prejudicial because, although he may have known what acts did or did not occur, he could not have known what things petitioner would say about those acts, and thus he was forced to go into the proceeding "blind."

Petitioner remonstrates that respondent incorrectly frames the issue: the correct issue on appeal is whether the trial court had discretion under ORCP 36 C to issue a protective order limiting discovery during the pendency of respondent's criminal case. Petitioner first argues that the question is barred on procedural grounds because respondent failed to demonstrate an adequate remedy on appeal and failed to show any harm stemming from the alleged error. Alternatively, on the merits, petitioner asserts the court had discretion to consider the context of the criminal case. That is, in petitioner's view, the trial court had discretion to conclude that allowing respondent to depose her in the FAPA restraining order case, regarding the exact circumstances that gave rise to the criminal case, presented an undue burden by allowing respondent to circumvent discovery

restrictions and effectively eliminate petitioner's constitutional protections. She also contended that the deposition would expose her, as a domestic violence victim, to intimidation and harassment. Respondent acknowledges that a trial court has discretion to limit discovery under ORCP 36 C, but only on the listed bases, which do not include criminal proceedings. At oral argument, respondent further asserted that, if petitioner does not want to be deposed and retain her constitutional rights for crime victims, she could decline to file a FAPA restraining order, which requires subjecting the petitioner to discovery.[3]

As an initial matter, we note that although the FAPA restraining order and the criminal charges have since been dismissed before briefing was complete in this appeal, we nonetheless reach the merits of the respondent's challenge because of the collateral consequences identified by respondent, including future custody and parenting-time litigation, as well as potential volunteer opportunities at his children's school. *See State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (explaining that the practical effects of a court's decision includes both direct and collateral consequences); *Barnes v. Thompson*, 159 Or App 383, 386, 977 P2d 431, *rev den*, 329 Or 447 (1999) (observing that "[e]ven if the main issue in a controversy has been resolved, collateral consequences may prevent the controversy from being moot under some circumstances" (emphasis omitted)). Accordingly, we turn to the merits of respondent's challenge to the discovery order.

We begin with the general legal principles that the parties agree are at issue. ORCP 36 C(1) provides, in part, that, "[o]n motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance,

---

[3] The National Crime Victim Law Institute and the Oregon Crime Victims Law Center filed a joint *amicus* brief that explains that victims of domestic violence commonly obtain protective orders while criminal investigations are pending and that protective orders are an important tool to increase safety of victims. The argument in the *amicus* brief largely parallels petitioner's argument, asserting that allowing a deposition in a civil proceeding based on the same or overlapping events in a criminal proceeding effectively eliminates victims' constitutional and state protections.

embarrassment, oppression, or undue burden or expense[.]" The rule provides a non-exhaustive list of permissible discovery limitations a trial court may order, including "that the discovery may be had only on specified terms and conditions." *Id.* When issuing a protective order and defining the appropriate terms, the court may consider the factual circumstances and context of the proceeding. *See Longo v. Premo*, 355 Or 525, 541-42, 326 P3d 1152 (2014) (concluding that, under ORCP 36 C, a protective order was appropriate and remanding for the post-conviction court to consider factual circumstances and allegations to determine the appropriate terms of the protective order). Furthermore, the parties' arguments acknowledge the plain language of Article I, section 42(1)(c), which provides that a crime victim has the "right to refuse an interview, deposition or other discovery request by the criminal defendant" in criminal proceedings.

Where the parties' arguments diverge, however, is on whether the trial court can consider that there is a concurrent criminal proceeding—a proceeding in which the petitioner has a constitutional protection to refuse a deposition—in its determination of whether to grant a protective order limiting discovery in a FAPA proceeding. That is, we are confronted with the question of how, if at all, ORCP 36 C and Article I, section 42(1)(c) work together.

Here, petitioner sought a protective order limiting discovery under ORCP 36 C. To demonstrate good cause, petitioner argued that the protective order was necessary to preserve her constitutionally protected right to refuse discovery requests in respondent's related criminal case and that allowing respondent to circumvent these protections posed an undue burden, which would also expose her to harassment and intimidation. Thus, in petitioner's view, the trial court was acting within its discretion to issue the protective order to limit discovery. We agree with petitioner's argument.

Although respondent argues that Article I, section 42, protections do not—by its terms—extend to civil proceedings, there is nothing that prohibits a trial court from considering whether the deposition of a named victim in a criminal case would expose petitioner to intimidation or

harassment or present an undue burden when considering a motion brought under ORCP 36 C(1). When determining the issuance and appropriate terms of a protective order, the court may consider the factual circumstances and context of the proceeding. Here, the trial court did just that: the court considered how a concurrent criminal proceeding could cause petitioner undue burden, harassment, or intimidation as the text of ORCP 36 C(1) requires. Further, we are not persuaded by respondent's argument that petitioner could have decided not to file the FAPA restraining order to preserve her constitutional right under Article I, section 42(1)(c). There is nothing in either the text of ORCP 36 C(1) or Article I, section 42(1)(c), that suggests they are mutually exclusive and that a party is forced to choose between them. In short, we conclude that a trial court acts within its discretion when it considers whether there is an undue burden on a FAPA petitioner to forego filing for a protective order just to retain constitutional rights afforded to victims of crime in a concurrent criminal proceeding.

In light of the foregoing, we conclude that the trial court's decision to issue a protective order that limited discovery until the criminal proceeding was concluded was within its permissible range of discretion. Accordingly, the court did not err.

*The trial court did not err in issuing the FAPA order.* Turning to the second assignment of error, respondent argues that the trial court erred by determining that respondent posed a credible threat to petitioner's physical safety. We review a trial court's legal determinations for legal error and the trial court's findings of fact for any evidence in the record to support those findings. *M. A. B. v. Buell*, 366 Or 553, 554, 466 P3d 949 (2020). When a trial court does not make express factual findings, we presume that the facts were decided in a manner consistent with the trial court's ultimate conclusion as long as there is evidence in the record to support those implicit findings. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968); *see also State v. Jackson*, 364 Or 1, 21, 430 P3d 1067 (2018) (explaining that, if a trial court does not make express findings, a reviewing court "will presume that the court decided the

facts in the light most favorable" to the party who prevailed before the trial court).

On appeal, respondent contends that he is not a credible threat to petitioner's physical safety. Respondent argues that, because the alleged abuse occurred when the parties were in an intimate relationship and they are no longer in such a relationship, there is no future risk of abuse. Respondent further asserts that enough time has passed since petitioner has been harmed to show that respondent is no longer a threat to her safety. Pointing to evidence that respondent disregarded her personal safety and autonomy, including testimony of abuse, assault, threats of murder, and photos that corroborated her testimony, petitioner contends that the trial court had legally sufficient evidence to determine that respondent posed a credible threat to her physical safety.

A court may continue a FAPA restraining order when a petitioner establishes, by a preponderance of the evidence, that (1) the abuse has occurred within 180 days; (2) the petitioner reasonably fears for the petitioner's physical safety; and (3) "that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child." ORS 107.716(3). Depending on the evidentiary record developed, a trial court may be entitled to conclude that the parties' separation could increase the chance of abuse, and it may reasonably infer that future abuse may occur despite the passage of time. *M. A. B.*, 366 Or at 566-67.

We conclude that there is sufficient evidence in the record to support the trial court's determination. First, respondent's reliance on the fact that the parties are no longer in an intimate relationship is not determinative. As the Oregon Supreme Court recognized in *M. A. B.*, abuse is frequently the result of one party attempting to control the other party, and in those cases, the parties' separation might heighten the risk of further abuse. *Id.*[4] Here, petitioner

---

[4] Although the Supreme Court's decision was focused on "imminent danger," we recognized on remand that evidence relating to imminent danger is closely related to evidence on whether there is a credible threat. *See M. A. B. v. Buell*, 308 Or App 98, 103, 479 P3d 1087 (2020) (observing that "the two elements are closely related" and that in practice "it is hard to imagine concluding that petitioner is in imminent danger of further abuse from respondent if respondent does not also present a credible threat to her safety").

testified about significant events that showed respondent's attempt to control petitioner, including repeated events of sexual abuse and assault, continued threats to kill petitioner, threats of rape, and threats against other men with whom she was romantically involved. Photographic evidence of physical assault was introduced that corroborated petitioner's testimony, and the trial court noted that the photos were "pretty darn damning." As a result, there is evidence to support that respondent is a credible threat to petitioner's safety, and the trial court was entitled to weigh the fact that the parties were no longer in an intimate relationship in favor of granting the protective order. *See id.* at 566-67 (concluding that, under the particular circumstances of the case, the trial court was entitled to weigh the fact of the parties' separation in favor of granting the protective order); *M. A. B. v. Buell*, 308 Or App 98, 104-05, 479 P3d 1087 (2020) (concluding that, even though the parties separated, the trial court was permitted to conclude the respondent represented a credible threat to petitioner's physical safety).

Second, the passage of time does not undercut the trial court's conclusion. The trial court, as a finder of fact, could reasonably view respondent's prior behavior as establishing that respondent maintained a profound disregard for petitioner, as evidenced through the incidents of assault and threats of rape and murder. *M. A. B.*, 366 Or at 567 (concluding that the passage of time and that the petitioner "had not acted on or repeated the threat also do not preclude the trial court's" issuance of a protective order). There is ample evidence of physical assaults and that respondent repeatedly and explicitly expressed that he could do what he wanted with petitioner's body, regardless of any limit she sought to impose. Further, the record includes evidence of respondent's numerous threats in front of their children and his threats to kill petitioner if she entered into a new relationship. Accordingly, given the totality of the circumstances, the trial court's conclusion that respondent represented a credible threat to the physical safety of petitioner is supported by evidence in the record.

Affirmed.