No. 785          August 27, 2025          165

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Nancy KLUBERSPIES,
*Petitioner-Respondent,*

*and*

Frank KLUBERSPIES,
*Respondent-Appellant,*

*and*

Frank Milano KLUBERSPIES,
an unmarried child between 18 and 21.

Jackson County Circuit Court
24DR07981; A185441 (Control)

Nancy KLUBERSPIES,
*Petitioner-Respondent,*

*and*

Frank W. KLUBERSPIES,
*Respondent-Appellant.*

Jackson County Circuit Court
24PO03864; A185440

Timothy Barnack, Judge.

Argued and submitted July 22, 2025.

George W. Kelly argued the cause and filed the briefs for appellant.

Melisa A. Button argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

This consolidated domestic relations case concerns an order under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735, and a general judgment of dissolution. On appeal, husband challenges trial court's continuation of the FAPA order and an "order that vacated the order that vacated the [general] judgment." He raises four assignments of error. We affirm.

Because husband's assignments of error implicate different standards of review, we state the relevant facts in our analysis of each assignment. We address those assignments in chronological order.

*Motions.* In his third and fourth assignments of error, husband makes a combined argument and challenges the trial court's denial of his motions for "remote participant witnesses" and for a continuance of the contested FAPA hearing. Specifically, husband summarily argues that "[t]here is no way for this court to review whether the exercise of discretion was well supported or an abuse." We address each argument in turn.

We review the denial of a motion for remote witness testimony for abuse of discretion. *See State v. M. P.*, 312 Or App 411, 420, 493 P3d 1051 (2021) ("[T]he trial court's decision whether to allow telephonic testimony in nonjury proceedings [is] a matter of trial court discretion."); *see also State v. Rockafellor*, 326 Or App 753, 757, 533 P3d 753 (2023) ("[W]e review a trial court's exercise of control over courtroom proceedings for abuse of discretion.").

Under ORS 45.400(1), "[a] party to any civil proceeding *** may move that *** any witness for the moving party may give remote location testimony." The party "must give written notice to all other parties to the proceeding at least 30 days before the trial or hearing *** [and t]he court may allow written notice less than 30 days before the trial or hearing for good cause shown." ORS 45.400(2). Further, "the court may allow remote location testimony under this section upon a showing of good cause by the moving party." ORS 45.400(3).

We conclude that the trial court did not abuse its discretion in denying husband's motion. Here, husband filed his motion two days before the contested hearing and did not explain the relevance of the witness testimony. Given husband's entire argument in support of the motion—"three [witnesses] are out of state residents and the other two work"—we conclude that the trial court acted within its discretion by denying the request. *See* ORS 45.400(3)(b) (providing that "[f]actors that would support a finding of good cause for the purpose of a motion" include whether the witness "might be unavailable because of age, infirmity or mental or physical illness" or whether the moving party "seeks to take the remote location testimony of a witness whose attendance the party has been unable to secure by process or other reasonable means").

We now turn to husband's challenge to the denial of his motion for a continuance. "A motion for continuance is addressed to the sound discretion of the court. Its ruling will be disturbed upon appeal only for an abuse of that discretion." *State v. Hickey*, 79 Or App 200, 203, 717 P2d 1287 (1986); *State v. Snyder*, 330 Or App 477, 478, 543 P3d 749, *rev den*, 372 Or 437 (2024) ("[W]e defer to the trial court's ruling unless the court exceeded the permissible limits of its discretion."). Notably, "[w]hether a denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *Hickey*, 79 Or App at 203.

We conclude that the trial court acted within its discretion when it denied husband's motion. *See A. D. L. and Lane*, 325 Or App 355, 361, 529 P3d 294 (2023) ("We take a broad and pragmatic approach in making that assessment."). After wife and a police officer had testified at the contested hearing, husband stated that he was requesting a continuance because he "really didn't have enough of the evidence" and because he "was going to make some photocopies of some things." Having considered "the particular circumstances of the case" and the reasons that husband "presented to the court at the time the request [was] denied," *Hickey*, 79 Or App at 203, we conclude that the trial court did not abuse its discretion. *Cf. A. D. L.*, 325 Or App at 365

(concluding that the trial court abused its discretion in denying the spouse's request for a continuance when the spouse's attorney withdrew, "[t]he court knew that [the spouse] had moved very quickly to find a new attorney, * * * had found an attorney who was willing to represent him if the trial was pushed out 30 days, and moved immediately for a 30-day postponement").

*FAPA order.* In his second assignment of error, husband argues that the trial court "erred in upholding the FAPA order" because "there was no evidence that husband posed a credible threat to wife." Husband urges us to excuse him from the preservation requirements because, in his view, he had "no opportunity" to present his arguments to the trial court. Alternatively, husband requests plain-error review.

We conclude that husband did not preserve his argument. That is so because husband requested the contested FAPA hearing and testified at that hearing, yet "presented no evidence or argument that would have signaled to petitioner or the court his contention" that he did not represent a credible threat to wife's physical safety under ORS 107.716. *M. D. D. v. Alonso*, 285 Or App 620, 626, 396 P3d 961 (2017). Consequently, "the trial court was not afforded the opportunity to correct the alleged error[]," and wife did not have the opportunity to respond. *Id.*

We may consider an unpreserved error when the error is "plain." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring [us] to choose among competing inferences."). If we conclude that the error is plain, then we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

As relevant here, "[a] court may continue a FAPA restraining order when a petitioner establishes," among other requirements, "'that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child.'"

*R. M. v. McNeer*, 341 Or App 425, 433, ___ P3d ___ (2025) (quoting ORS 107.716(3)).

We conclude that it is not "obvious" that the record lacked evidence that husband represented a credible threat to wife's physical safety. At the contested hearing, wife testified that she, her son, and her brother returned to the family home with a U-Haul van to collect her children's belongings. Wife further testified that, after husband's sister warned her that husband could see her on his video cameras, wife and her brother "left in the U-Haul," and her son left in a separate vehicle.

> "[WIFE]:   [W]e saw [husband] approaching us from the other direction very fast. He goes, drives straight towards our son, and he swerves. Then he sees the U-Haul van, which my brother was driving. And he drives and blocks us. My brother is able to move the car, the van, to safety. And then [husband] turned around and deliberately hit us again. We could see he was angry."

After finding wife "credible," the trial court continued the FAPA order and entered an order finding that "[husband] represents a credible threat to the physical safety of [wife] or [wife's children]."

In light of wife's testimony and the trial court's explicit finding that wife was "credible," we conclude that it is not "obvious" that the record lacked evidence that husband "represent[ed] a credible threat" to wife's physical safety within the meaning of ORS 107.716(3). Therefore, any error is not plain. The trial court did not plainly err.

*Motion to vacate.* In his first assignment of error, husband argues that the trial court erred when it "vacat[ed] the order that vacated the divorce judgment" because his "motion to vacate was permitted by ORCP 71 B(1)(b)." That rule provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for * * * excusable neglect[.]" A party must file an ORCP 71 B(1) motion "within a reasonable time," and "not more than one year after receipt of notice by the moving party of the judgment." *Id.*

We review the "[c]onclusions that a trial court reaches under ORCP 71 B as to whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief *** for errors of law." *Dintleman and Dintleman*, 340 Or App 213, 215-16, 571 P3d 154 (2025) (internal quotation marks omitted). In turn, we review its decision "whether and, if so, on what terms, to relieve the party from judgment" for abuse of discretion. *Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017).

At the outset, we observe that this assignment of error comes before us in a unique procedural posture. The record here demonstrates that wife filed a petition for dissolution of marriage in May and then moved for an order allowing alternate service in June, explaining that she had "made several attempts to serve [husband]" and that she "believe[d] that [husband was] avoiding service." On June 13, husband "was served via alternate service with a certified true copy of the *Petition for Dissolution and Summons*." (Emphasis in original.) On July 17, wife moved for an order of default against husband. That day, husband filed a document—that wife's counsel had prepared—accepting service, waiving appearance, and "grant[ing] [his] consent to the entry of an order of default against [him]." On July 29, the trial court entered the general judgment of dissolution. On August 19, husband filed a motion to vacate the judgment. Wife filed an objection on August 22. On August 26, the trial court entered an order granting husband's motion.

As discussed above, the trial court held a contested hearing on August 30. The parties appeared *pro se*. After it ruled that it would continue the FAPA order, the trial court addressed husband's motion to vacate the general judgment and wife's objection, even though it had already entered an order granting the motion.

"THE COURT:   Okay. And then you filed a motion to vacate. And then I signed the motion to vacate. And now you have an objection to that motion that I signed to vacate?

"[WIFE]:   Correct."

The trial court then engaged in a colloquy with the parties and considered their arguments. During that

colloquy, husband explained that he did not move to vacate the general judgment until August because he "[tried] to contact some lawyers" and "most of them wouldn't even have a call back until October." The trial court responded that husband "didn't need a lawyer to file [the motion] on [his] own" and found that he did, in fact, "file [the motion] on [his] own." The trial court further found that husband's "motion to vacate [was] disingenuous" and that he "had ample time to file this motion to vacate after [he] received the petition." Accordingly, the trial court ruled that it would "vacate [its] motion that allowed [husband] to vacate" and that "the petition that [it] signed on the default will remain in effect."

We observe that husband does not challenge the trial court's authority to reconsider its initial ruling that granted his motion to vacate the general judgment. Rather, husband challenges only the trial court's ultimate ruling that vacated its initial ruling. Given the unique posture of this case, we conclude that, "[b]ased on the facts that it found, the trial court did not err in concluding, as a matter of law, that [husband's] neglect in failing to protect [his] interests was inexcusable." *Union Lumber Co.*, 360 Or at 783; *see also Wetzel v. Sandlow*, 318 Or App 608, 616, 509 P3d 182 (2022) ("The focus of [our] inquiry is whether the totality of the circumstances reflects that the party seeking relief from judgment has taken reasonable steps to protect its interests." (Internal quotation marks omitted.)).

Seeking a different result, husband remonstrates that "[t]he time for filing a rule 71 B(2) motion begins when the party receives notice of *the judgment*" and, here, husband filed the motion "*less than three weeks*" after entry of judgment. (Emphases in original.) That rule does not assist husband. Although ORCP 71 B(2) provides, in relevant part, that "[a] motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court," that rule does not establish that husband's actions were "reasonable" as a matter of law under ORCP 71 B(1). "It follows that the court did not err in denying [husband's] motion to set aside the general judgment on the ground of excusable neglect." *Union Lumber Co.*, 360 Or at 783; *see also Kerridge v. Jester*,

316 Or App 599, 604-05, 502 P3d 1206 (2021), *rev den*, 369 Or 507 (2022) ("The upshot of that two-part decision is that, if we determine on appeal that the moving party has not asserted a valid basis for relief, our inquiry ends there.").

Affirmed.