200 October 8, 2025 No. 896

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Nancy KLUBERSPIES,
*Petitioner-Respondent,*
*and*

Frank KLUBERSPIES,
*Respondent-Appellant,*
*and*

Frank Milano KLUBERSPIES,
*an unmarried child between 18 and 21.*

Jackson County Circuit Court
24DR07981; A185441 (Control)

Nancy KLUBERSPIES,
*Petitioner-Respondent,*
*and*

Frank W. KLUBERSPIES,
*Respondent-Appellant.*

Jackson County Circuit Court
24PO03864; A185440

Timothy Barnack, Judge.

On appellant's petition for reconsideration filed August 27, 2025, and respondent's response filed September 1, 2025.

George W. Kelly for petition.

Melisa A. Button and Hornecker Cowling LLP for response.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

Husband seeks reconsideration of our opinion in *Kluberspies and Kluberspies*, 343 Or App 165 (2025) (nonprecedential memorandum opinion), in which we affirmed the continuation of a Family Abuse Prevention Act order against husband and an order that "vacated the order that vacated the [general] judgment" of dissolution. *Id.* at 166. In husband's petition for reconsideration, he requests that we modify the opinion for two reasons. As explained below, we allow reconsideration, delete one sentence from our previous opinion, and otherwise adhere to our previous opinion as modified.

First, we understand husband to argue that we made a "factual mistake that was material to [our] decision" under ORAP 6.25(1)(a).[1] Husband notes that in our opinion we stated that husband filed a particular document when, in fact, husband's son—who has the same name as husband—filed the document. Because that filling did not affect our reasoning or disposition, we allow reconsideration to delete the following sentence:

> "That day, husband filed a document—that wife's counsel had prepared—accepting service, waiving appearance, and 'grant[ing] [his] consent to the entry of an order of default against [him].'"

We otherwise adhere to our previous opinion as modified.

Second, husband argues that we did not "address[] what would seem to be controlling case law" because we did not discuss *Clark and Dickerson*, 308 Or App 455, 480 P3d 329 (2021), or *Baker and Childress-Baker*, 339 Or App 281 (2025) (nonprecedential memorandum opinion).

We did not address *Clark* because that case is inapplicable. In that case,

> " a colloquy occurred between [the spouse] and the court in which [the spouse] explained that he had twice requested a continuance but had not received a response from the court and, upon [the spouse] asking why he was being denied a continuance when his lawyer was unable to appear."

---

[1] ORAP 6.25(1)(a) provides that "[a] petition for reconsideration shall be based on one or more *** contentions," including "[a] claim of factual error in the decision."

*Id.* at 465. The spouse then proceeded *pro se*. *Id.* Those facts are inapposite to the facts here. Because husband's arguments "either mischaracterize[] aspects of our opinion or simply reargues issues that were raised in the briefs and decided adversely to him," we decline to consider them. *Cruze v. Hudler*, 248 Or App 180, 183, 274 P3d 858 (2012).

Further, husband's reliance on *Baker* is inappropriate. First, husband did not cite *Baker* in his briefing or in a memorandum of additional authorities. *See* ORAP 6.16(6) ("It is the general policy of Oregon appellate courts to prohibit reference at oral argument to any authority not cited either in a brief or in a pre-argument memorandum of additional authorities."). Second, even if husband had cited *Baker*, it is a nonprecedential memorandum opinion, and, as a consequence, is neither precedent nor "binding authority except as relevant under the law of the case doctrine or the rules of claim preclusion or issue preclusion." ORAP 10.30(1). As we explained, given the timing and nature of husband's motions, the record was sufficient to allow us to review the trial court's exercise of discretion.

Reconsideration allowed; former opinion modified and adhered to as modified.