No. 1147     December 31, 2025     273

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H. R.,
*Appellant.*

Jackson County Circuit Court
24JU03798; A186477

Matthew Rowan, Judge

Submitted October 30, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Father appeals from a judgment terminating his parental rights to his child, B. He raises two assignments of error. In his first assignment of error, he asserts that the juvenile court erred when it denied his motion for a continuance of the termination of parental rights (TPR) trial. In his second assignment of error, he asserts that the juvenile court erred in allowing his court-appointed counsel to withdraw. We conclude that the juvenile court did not err, and therefore affirm.

The relevant background facts are procedural. On July 26, 2024, the Oregon Department of Human Services (ODHS) filed a petition to terminate father's parental rights to B. Father was served with a summons that directed him to personally appear before the Jackson County Circuit Court on August 9, 2024, and at any subsequent court-ordered hearings. On August 9, at a hearing that was scheduled for an initial appearance, the juvenile court ordered father to appear in person for a pre-trial hearing on October 28 at 3:30 p.m. and for trial on December 10 and 11 at 9:00 a.m. The order contained a notice written in all uppercase letters and boldface type:

> **"<u>NOTICE</u>: YOU MUST APPEAR PERSONALLY IN THE COURTROOM ON THE DATES & AT THE TIMES LISTED ABOVE. AN ATTORNEY MAY APPEAR *WITH* YOU, BUT NOT IN PLACE OF YOU. IF YOU FAIL TO APPEAR, THE COURT MAY TERMINATE YOUR PARENTAL RIGHTS WITHOUT FURTHER NOTICE."**

(Underscoring and italics in original.) Father signed the order, indicating that he received it, on August 9, 2024.

On December 10, the date scheduled for the TPR trial, the court proceedings began around 9:55 a.m. Neither mother nor father was present.[1] Mother's attorney asked the juvenile court to continue the matter to give her an opportunity to see if she could get her client to court for a future court date. Father's attorney also requested a continuance and told the court that father had told her that "he would be

---

[1] Mother is not a party to this appeal.

here." ODHS told the court that it was ready to proceed and noted that each parent had been served with a summons and instructed by the court that they needed to personally appear and if they did not, action could take place without them, including termination of their parental rights. ODHS also informed the court that counsel for the parents had been outside the courtroom monitoring the elevator and that mother's counsel had gone to the juvenile courthouse to ensure that the parents were not confused and had shown up at the wrong building, across the street. The attorney for the child asked that the court allow ODHS to put on a *prima facie* case and proceed without the parents; she pointed out that the proceedings were beginning almost an hour after they were scheduled to begin.[2] The juvenile court then denied the motions for a continuance.

At that point, mother's counsel moved to withdraw her representation, and the court granted that request. Father's counsel also requested to withdraw, and the court granted that motion. ODHS then proceeded with its case, and, as pertinent to this appeal, the juvenile court ultimately terminated father's parental rights to B under ORS 419B.506 and entered a judgment reflecting that decision. Father appealed.

On appeal, in a combined argument in support of both assignments of error, father asserts that the juvenile court abused its discretion in denying his attorney's motion for a continuance and in granting counsel's motion to withdraw because it failed to explain its reasoning for why it ruled as it did. In response, ODHS argues that the juvenile court did not abuse its discretion in denying father's motion to continue the trial or in granting father's attorney's motion to withdraw, and also argues that father has not demonstrated that he was prejudiced by the denial of his motion for a continuance.[3]

"We review the juvenile court's denial of a motion for a continuance for abuse of discretion. That is, we review

---

[2] The child is not a party to this appeal.

[3] ODHS argues that father did not preserve the error claimed in his first assignment of error. Given that our underlying analysis applies to both assignments, we assume without deciding that both claimed errors were preserved.

whether the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome." *Dept. of Human Services v. E. M.*, 268 Or App 332, 335, 341 P3d 216 (2014) (citation omitted).

Father argues that the juvenile court was required to explain the basis for its ruling on the motion to meet its obligation to make a record showing that it exercised its discretion and did so in a reasonable manner. Father cites to *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), in which the Supreme Court stated, in the context of evaluating the admission of evidence under OEC 403, that a trial court errs if it "fails to make a record which reflects an exercise of discretion." However, as ODHS points out, the Supreme Court later clarified, in another case concerning OEC 403, that "a court will make a sufficient record under *Mayfield* if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations." *State v. Anderson*, 363 Or 392, 406, 423 P3d 43 (2018). That is, the reasons for a trial court's exercise of discretion may be inferred from the context provided in the record and need not be explicit, contrary to the argument asserted by father.

Father also relies on *Dept. of Human Services v. N. J. V./D. L. O.*, 290 Or App 646, 419 P3d 783 (2018), a case in which we reversed and remanded after concluding that the juvenile court had abused its discretion when it denied the mother's motion for a continuance "without expressing any reason." *Id.* at 653. *N. J. V./D. L. O.* is distinguishable from the present matter. First, it was decided prior to the Supreme Court's decision in *Anderson*. Second, the circumstances in *N. J. V./D. L. O.* were different from those here. In that case, the mother had filed a written motion seeking a postponement of the scheduled hearing, there was no written response by ODHS, and there was no recording or transcript of the proceeding at which the juvenile court denied the motion. The court's order stated only that the motion was denied. We concluded that there was "nothing to permit us to meaningfully review the juvenile court's exercise of discretion in denying a continuance" and noted that there was nothing to suggest that the court had considered the

reasons set forth in the mother's written motion and supporting declaration and weighed them against competing considerations such as the ones that were expressly identified for the first time on appeal. *Id*. at 653. Here, we have a transcript of the proceedings, which provides the context for the court's exercise of discretion.

In a recent decision, we explained that "a juvenile court abuses its discretion in denying a parent's motion for a continuance of a termination of parental rights trial when the court has been presented with reliable information that the parent's nonappearance is due to circumstances beyond their control." *Dept. of Human Services v. C. D. D.*, 343 Or App 486, 494, ___ P3d ___ (2025). Here, the record reflects that father was not present at the time set for trial; father had prior notice that his failure to personally appear could result in the termination of his parental rights; and father's counsel did not provide any explanation to the court for father's absence and told the court only that father had told her that he would be there. The proceedings themselves started almost an hour after they were scheduled to begin, which gave father additional time to arrive or to contact the court or counsel about unforeseen circumstances. Counsel for mother had gone to another building to look for the parents in case they had appeared at the wrong location, which showed an effort to address possible confusion on the parents' part; and counsel for the parents had been keeping watch near the elevator for the arrival of their clients. Given those circumstances, the record is sufficient to show that the juvenile court exercised its discretion and denied the motion for a continuance almost an hour after the time set for father's appearance because father was absent and there was no explanation given for that absence. That decision was a permissible exercise of discretion.

In father's second assignment of error, he contends that the trial court erred in allowing his court-appointed counsel to withdraw. He argues that the juvenile court "summarily grant[ed] counsel's motion to withdraw" and failed to "put its reasoning on the record." We review for abuse of discretion. *State v. Davis*, 345 Or 551, 579, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009); *see* ORS 419B.211(3)

("The court may grant a motion to withdraw as counsel under this section.").

ORS 419B.211(1) provides, in part, that "[w]hen a parent \*\*\* is required to appear at a hearing related to a petition to \*\*\* terminate parental rights, if the parent \*\*\* fails to appear at the hearing without reasonable explanation, the attorney for the parent \*\*\* may move to withdraw from representing the parent \*\*\*." Subsection (2) of ORS 491B.211 states that "[t]he attorney shall explain to the court the basis for a motion to withdraw under this section." Although father notes that the juvenile court allowed father's attorney to withdraw without requiring the attorney to state a basis for the motion to withdraw as required by ORS 419B.211(2), father does not develop an argument about that subsection of the statute, and we do not understand father to be asserting that the court erred in failing to follow the procedure set forth therein. Rather, father's contention on appeal is that the court did not explain the basis for its ruling, and that the failure to explain was an abuse of discretion. For the same reasons that we explained above, the record here supplies sufficient context for understanding the juvenile court's exercise of discretion. Father failed to appear. After father's motion for a continuance of the trial was denied, father's attorney could no longer defend against the petition in his absence. *See* ORS 419B.819(8) ("If the summons requires the parent to appear personally before the court, or if a court orders the parent to appear personally at a hearing in the manner provided in ORS 419B.820, the parent may not appear through the parent's attorney."); *Dept. of Human Services v. M. L. B.*, 283 Or App 911, 913, 391 P3d 999 (2017) (concluding that ORS 419B.819(8) barred the mother's attorney from "taking action on her behalf at the termination trial when mother failed to appear at trial"). Father's counsel moved to withdraw because he could not defend father at trial, and father has not advanced any argument that allowing his attorney to withdraw under those circumstances was impermissible. Thus we conclude that the juvenile court exercised its discretion in a permissible manner.

Affirmed.