Argued and submitted May 24, 1996, affirmed February 19, petition for review denied September 23, 1997 (326 Or 57)

## Mark CARTON,
### *Appellant,*

*v.*

## Robert SHISLER,
### *Respondent.*

### (16 91 05714; CA A76583)

934 P2d 448

Mark Carton argued the cause and filed the briefs *pro se*.

John Kilcullen argued the cause for respondent. With him on the brief were Richard A. Roseta and Brown, Roseta, Long & McConville.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals a verdict for defendant in a negligence action. We write only to address whether a trial court has authority under ORCP 36 C to issue a protective order that includes an award of attorney fees as a discovery expense. We conclude that it does have that authority.

Before trial, plaintiff notified defendant that he intended to perpetuate the testimony of several witnesses in California. In accordance with ORCP 39 I,[1] defendant moved for a protective order under ORCP 36 C. The motion stated:

> "Defendant respectfully requests an order either relieving him from the necessity of appearing at these 'perpetuation' depositions or requiring [p]laintiff to reimburse the [d]efendant for reasonable costs and attorney fees incurred in connection with proceeding to the San Francisco area in order to help [p]laintiff put on a case that is less expensive for [p]laintiff than bringing the witnesses up from California for purposes of trial on May 14, 1992."

After a telephonic hearing, the court granted a protective order, which stated:

> "IT IS HEREBY ORDERED that the Motion For Protective Order is granted. Defendant is allowed to deduct the expenses from any award or include these expenses as a portion of the cost bill in the event that [d]efendant prevails in the action at trial."

After prevailing at trial, defendant submitted a cost bill that included $1,569.00 in attorney fees for the perpetuation depositions. The court concluded that an award of attorney fees as a deposition expense was appropriate under the protective order and that the listed expenses were reasonable.

---

[1] ORCP 39 I states, as relevant:

"(1) After commencement of any action, any party wishing to perpetuate the testimony of a witness for the purpose of trial or hearing may do so by serving a perpetuation deposition notice.

"* * * * *

"(3) Prior to the time set for the deposition, any other party may object to the perpetuation deposition. Such objection shall be governed by the standards of Rule 36 C."

■   Plaintiff argues on appeal that the court did not have authority under ORCP 36 C to award attorney fees as part of a protective order. ORCP 36 C provides that, "for good cause shown," the court "may make *any order which justice requires* to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] (Emphasis supplied.) Thus, under the plain language of the rule, once a court concludes that a party or person is entitled to a protective order, it has the authority to protect that party or person in *any* way that justice requires. The breadth of that delegation precludes us from concluding that a court, in its discretion, could never decide that an award of attorney fees is necessary to protect a party or person.[3]

---

[2] ORCP 36 C states:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or (9) that to prevent hardship the party requesting discovery pay to the other party reasonable expenses incurred in attending the deposition or otherwise responding to the request for discovery.

"If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 46 A(4) apply to the award of expenses incurred in relation to the motion."

[3] Our holding is consistent with the interpretation federal courts have given the analogous federal rule, FRCP 26(c). *See* Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure 1995-1996 Handbook* 103 (1995). Initially, the federal rule did not expressly allow courts to issue protective orders to protect a party from "undue burden or expense." *Former* FRCP 30(b). Still, federal courts recognized that they had discretion under that rule to require a party to pay attorney fees under a protective order. *See, e.g., Gibson v. International Freighting Corp.*, 173 F2d 591, 596 (3d Cir), *cert den* 338 US 832 (1949); *Nagle v. United States Lines*, 242 F Supp 800, 801 (ED Va 1965); *In re China Merchants Steam Navigation Co.*, 259 F Supp 75, 78 (SDNY 1966).

In 1970, the provision authorizing a court to protect a party against "undue burden or expense" was added to avoid the implication that the rule did not

The proposition that ORCP 36 C authorizes a court to award attorney fees as an aspect of a protective order is supported by subsection C(9) of the rule. It provides that

> "to prevent hardship[,] the party requesting discovery [can be ordered to] pay to the other party *reasonable expenses* incurred in attending the deposition or otherwise responding to the request for discovery."

(Emphasis supplied.) Attorney fees generally are a component of the expense to attend depositions or to respond to discovery requests. Usually, each party pays its own discovery expenses. However, the rule states "that to prevent hardship" to a person or a party, a court may require the party requesting the discovery to pay the other party's discovery expenses. Thus, when the facts indicate that a protective order is appropriate and that an award of all or part of a party's reasonable discovery expenses is necessary to prevent hardship, an award of the related attorney fees could be appropriate.

The use of the word "expenses" throughout ORCP 36 C and again in ORCP 46 A(4) confirms our conclusion that attorney fees can be awarded under a protective order. ORCP 36 C provides that "[t]he provisions of Rule 46 A(4) apply to the award of *expenses* incurred in relation to the motion." (Emphasis supplied.) ORCP 46 A(4) states that those expenses can include attorney fees.[4] It is logical to assume that the Council on Court Procedures used the word "expenses" consistently throughout ORCP 36 C.[5] Therefore,

---

authorize the issuance of orders to protect against undue discovery expenses. Advisory Committee Note of 1970 to Amended Subdivision 26(c). After the amendment, federal courts continued to recognize their power to award attorney fees as an aspect of protective orders, when appropriate. *See, e.g., Meredith v. Gavin,* 51 FRD 5, 6 (WD Mo 1970); *International Fibres, Inc. v. United States,* 352 F Supp 952, 958-59 (Cust Ct 1972); *Haymes v. Smith,* 73 FRD 572, 574 (WDNY 1976).

[4] ORCP 46 A(4) provides, as relevant:

"If the motion is granted, the court may * * * require the party or deponent whose conduct necessitated the motion * * * to pay to the moving party the *reasonable expenses* incurred in obtaining the order, *including attorney's fees* * * *." (Emphasis supplied.)

[5] The legislature delegated to the Council on Court Procedures the authority to promulgate the Oregon Rules of Civil Procedure. ORS 1.725. Thus, unless the legislature amended the rule at issue in a case, it is the Council's intent that governs the interpretation of the rule. *See Gottenberg v. Westinghouse Electric Corp.,* 142 Or App 70, 73, 919 P2d 521 (1996).

the word "expenses" in ORCP 36 C(9) must include attorney fees.[6]

We conclude that, once the necessity of a protective order has been demonstrated, a court may exercise its discretion to award attorney fees under ORCP 36 C in appropriate circumstances.[7] Plaintiff's other assignments of error are not well taken.

Affirmed.

---

[6] Plaintiff argues that the Council would have explicitly authorized attorney fees in ORCP 36 C(9) if it had intended to include them as a recoverable "expense." Given the scope of the word as used in ORCP 46 A(4) and the broad discretionary powers granted to a court under ORCP 36 C, that omission is without significance.

[7] Plaintiff does not assign error to the court's conclusion that a protective order was appropriate on this record or to the award of all of defendant's attorney fees incurred in attending the perpetuation depositions, as opposed to only the attorney's travel time. Therefore, we do not address those issues.