IN THE OREGON TAX COURT
REGULAR DIVISION
Corporation Excise Tax

| | | |
|---|---|---|
| APPLE INC. AND U.S. SUBSIDIARIES | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5471** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | **ORDER GRANTING AND DENYING IN** |
| | ) | **PART PLAINTIFF'S MOTION FOR** |
| Defendant. | ) | **PROTECTIVE ORDER** |

This matter, involving several substantial income apportionment issues, is before the court on Plaintiff's Motion for a Protective Order (Motion), and Defendant's response, relating to Defendant's documentary discovery requests.[1] After negotiations, the parties have agreed on nearly all the terms of the proposed protective order filed by Plaintiff with its motion. The parties disagree on the three issues stated below, which are raised in sections 7.d. and 11 of Plaintiff's proposed order (Sections 7.d. and 11). Defendant has presented its own proposed versions of those sections. The parties' competing versions are reprinted side by side in Appendix A of this order.

This order provides the court's reasoning for modifications to Plaintiff's proposed Sections 7.d. and 11. The document referred to by the court as the instant protective order is

---

[1] The court also allows and considers Plaintiff's reply filed November 14, 2025, and Defendant's filing of November 24, 2025.

Plaintiff's proposed protective order, after interlineation by the court to include the modifications, which the court will issue today.

## I.     ISSUES

A.  The terms of permitted retention of electronic copies of Confidential Documents[2] by Defendant and its counsel and agents following conclusion of this case (Section 7.d., Part I);[3]

B.  What notifications, if any, Defendant must provide to other tax bodies, and to Defendant's agents, that receive electronic copies of Confidential Documents from Defendant pursuant to ORS 314.840(2)(c), (d), or (e) (Section 7.d., Part II);[4] and

C.  Whether and how the rights of either party to seek an additional protective order, or a modification of the instant protective order, should be restricted (Section 11).

## II.     SUMMARY

Tax Court Rule (TCR) 36 C[5] requires a showing of "good cause" for entry of a protective order, and a showing that "justice requires" the specific terms of the order.  Here, the parties agree that good cause exists for a protective order.[6]  The court must decide whether justice requires the three terms Plaintiff seeks.  In doing so, the court has discretion to weigh the protective benefits of the terms against the burden the terms would impose on the party seeking discovery.

---

[2] Capitalized terms not defined in this order have the meanings assigned in the instant protective order.

[3] Part I of Section 7.d consists of the first two sentences of Plaintiff's proposal.

[4] Part II of Section 7.d. consists of the last sentence of Plaintiff's proposal.  "Other tax bodies" is defined below.  References to the Oregon Revised Statutes (ORS) are to the 2025 edition unless otherwise stated.

[5] All references to the TCR are to the 2025 edition unless otherwise stated.

[6] Plaintiff's unrefuted evidence includes testimony that "Apple operates in an extremely competitive business environment. The value of its hardware and software products and services are substantially derived from their innovative and proprietary nature as well as Apple's carefully developed marketing strategies. The disclosure and dissemination of Apple's trade secrets, and other sensitive, nonpublic business and financial documents and information, could cause the company substantial financial and commercial harm."  (Ptf's Decl of Berwick at 2, ¶7.)

ORDER GRANTING AND DENYING IN PART
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
TC 5471

As to issue A, the court will reject Plaintiff's proposed text for Section 7.d., Part I, which proposes that all electronic copies of Confidential Documents be deleted or destroyed within 30 days after conclusion of this case (including any appeal), except for a single copy held by Defendant on a server and certain backups. The court is persuaded by Defendant's unrefuted evidence, consisting of declarations describing the security standards and practices used by Defendant and its counsel, that Plaintiff's copy destruction proposal would provide no appreciable additional security benefit to Plaintiff but would impose an undue cost burden on Defendant and its counsel. The court will adopt a modified version of the second of Defendant's two alternative counterproposals, which requires deletion or destruction only of Confidential Documents not stored by Defendant or its counsel on a secure server.

Issue B involves Defendant's authority under ORS 314.840(2)(c), (d), and (e), respectively, to disclose confidential documents to the Internal Revenue Service, other states and localities, and the Multistate Tax Commission, "for tax administration and compliance purposes." (The court refers to these potential recipients as other tax bodies.) Plaintiff does not dispute Defendant's authority to disclose Confidential Documents to other tax bodies *during the life of this case*, but Plaintiff's Section 7.d., Part II would require Defendant to notify them of an obligation to destroy the Confidential Documents *following conclusion of this case*. Defendant's proposal would eliminate any restriction on retention by other tax bodies. The court concludes that justice does not require Plaintiff's proposed time limit because the legislature enacted ORS 314.840(2)(c), (d), and (e) as part of a reciprocal federal, state, and local government arrangement to facilitate each *recipient* tax body's administration of its own tax laws, regardless of the end date of a case in the state that discloses the confidential material. However, Defendant's proposal is not supported by evidence that the security standards and practices of a

recipient tax body are such that destruction of electronic copies would unduly burden the recipient tax body without an appreciable additional security benefit to Plaintiff. The court resolves this issue by substituting provisions that require Defendant to notify other tax bodies that they may retain Confidential Documents after conclusion of this case by intervening in this case and making an appropriate showing in this court. The court will apply the same provisions to agents of Defendant described in ORS 314.840(2)(g) (employees of other Oregon agencies performing services for Defendant under contract) and (h) (other persons performing services for Defendant).

Finally, as to issue C, the court concludes that justice does not require restricting either party's right to seek a new protective order or a modification of the instant protective order. In any deliberations, the court can consider any reliance interest of Plaintiff in the terms of the instant protective order.

### III. APPLICABLE LAW

TCR 36 C (emphases added) provides:

"Upon motion by a party or by the person from whom discovery is sought, and *for good cause shown*, the court in which the action is pending may make *any order which justice requires* to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition, after being sealed, be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or (9) that to prevent hardship the party requesting discovery pay to the other party reasonable expenses incurred in attending the deposition or otherwise responding to the request for discovery."

In keeping with the court's organic statute, the text is substantially the same as Oregon Rules of Civil Procedure (ORCP) 36 C; therefore, the court looks to ORCP 36 C for guidance, including any case law interpreting the rule or any related adoption history.[7] *See* TCR Preface ("To the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR."); ORS 305.425(3) (requiring Regular Division's rules to "conform, as far as practical to the rules of equity practice and procedure in this state.").

If the requirements in TCR 36 C are met, the court has discretion to enter a protective order. *C.f. State ex rel Anderson v. Miller*, 320 Or 316, 320, 882 P2d 1109 (1994) (noting that "ORCP 36 C vests discretion in the trial court to issue an order denying [the discovery requested], but only if the order is justified by the standards set forth in that rule."); *I. H. v. Ammi*, 370 Or 406, 412, 520 P3d 877 (2022) ("The decision of whether to [grant a protective order] is discretionary."). A decision to vacate a protective order is similarly within the court's discretion. *See Doe v. Corp. of Presiding Bishop*, 352 Or 77, 86, 280 P3d 377 (2012) ("The issuance and vacation of protective orders are matters of a trial court's discretion."). A party has a right to otherwise permissible discovery unless the discovery "would result in annoyance, embarrassment, harassment, oppression, or undue burden or expense to the party or deponent opposing" the discovery. *State ex rel Anderson,* 320 Or at 322. The burden is on the moving party "to establish that any requested limitations or conditions on discovery are supported by good cause." *Lindell v. Kalugin*, 353 Or 338, 357, 297 P3d 1266 (2013).

---

[7] The court observes the following non-substantive differences between TCR 36 C and ORCP 36 C, which do not affect the court's analysis: (1) TCR 36 C begins with, "Upon motion by a party" while ORCP 36 C states "On motion by a party" (2) TCR 36 C allows the court to "make any order which justice requires" while ORCP 36 C allows the court to "make any order that justice requires"; (3) Provisions within TCR 36 C are numbered, while ORCP 36 C provisions are unnumbered.

When a court "concludes that a party or person is entitled to a protective order, it has the authority to protect that party or person in *any* way that justice requires." *Carton v. Shisler*, 146 Or App 513, 516, 934 P2d 448 (1997) (emphasis in original). The rule's reference to "justice" implies that the court may weigh the degree of protective benefit to the movant and the burdens on the non-movant when fashioning terms. *See R. M. v. McNeer*, 341 Or App 425, 431, 575 P3d 137, *rev den*, 374 Or 421 (2025) ("When issuing a protective order and defining the appropriate terms, the court may consider the factual circumstances and context of the proceeding.").

## IV. ANALYSIS AND CONCLUSIONS

### A. *Defendant's Retention of Electronic Copies (Section 7.d., Part I)*

Plaintiff's proposed Section 7.d., Part I, would require that all electronic copies of Confidential Documents be irretrievably destroyed within 30 days after conclusion of this case, except that Defendant could retain a single copy on a secure server, plus additional copies as part of Defendant's backup and data security procedures. Plaintiff's premise is that "[i]t does not require an expert to know that the more copies there are of a document, whether in paper or electronic form, the greater the risk is of unauthorized disclosure. That is simply common sense." (Ptf's Reply at 20.)[8] Defendant objects that the destruction requirement imposes costs (including to destroy equipment) that are unduly burdensome, while adding no appreciable measure of security beyond that afforded by the data security standards and practices employed by Defendant and its counsel. Defendant proposes replacing Plaintiff's text with text identified as Alternative 1 or Alternative 2. (*See* Def's Response at 23-24.)

---

[8] Plaintiff also cites numerous news articles about cyberattacks at Oregon state and local agencies, as well as a vendor to Defendant. (*See* Def's Second Decl of Gadon, ¶¶ 3-21, Exs 11-29). Defendant cites public information about cyberattacks on businesses, including Plaintiff. (*See* Def's Response to Ptf's Motion for Leave to File a Reply at 3-6.) These materials do not aid the court in determining whether justice requires the particular provisions requested.

Defendant has put forth declarations from the Information Technology Operations Manager for Defendant's counsel (Judah Kelber of the Oregon Department of Justice) and Defendant's Network Engineering Team Lead (Brian Schiffer), describing each agency's current standards and practices to safeguard taxpayer information, the additional burdens that would be imposed on the agencies by Plaintiff's proposed Section 7.d., and the absence of any appreciable additional benefit to Plaintiff if Defendant and its counsel were to apply Plaintiff's proposal.

Kelber's declaration states that all tax information stored electronically by DOJ is subject to rigorous security standards including IRS Publication 1075 and Criminal Justice Information Services standards. (*See* Def's Decl of Kelber at 1 ¶ 3). Those standards are continually evolving and currently require the encryption of information, use of securely configured servers and systems, multi-factor authentication, and role-based access. (*See id*. at 1-2, ¶¶ 3, 6, 7, 9). Those protections limit the potential for disclosure of Plaintiff's information in the event of unauthorized access. (*Id*. at 3, ¶¶ 8, 9.)

Schiffer's declaration details security provisions at Defendant, which closely mirror those employed by its counsel. Defendant secures "both core tax systems and the servers, workstations, and endpoints that handle confidential or other sensitive data are secured to National Institute of Standards and Technology (NIST) 800-53r5 (Moderate) standards, which are commonly prescribed for state and federal systems that handle sensitive data." (*See* Def's Decl of Schiffer at 1, ¶ 3.) "DOR personnel receive regular training on tax confidentiality requirements and disclosure laws. All DOR employees and contractors that may have access to DOR data are required annually to sign secrecy certificates informing them of relevant state and federal laws concerning tax confidentiality and the penalties for unlawful disclosure. * * * Access to DOR's tax systems on which confidential tax information is stored requires

authenticated access to DOR's network, which can be accessed only from DOR facilities or over a virtual private network and secured by multi-factor authentication." (*Id*. at 2, ¶¶ 4-5.)

The Kelber and Schiffer declarations also provide factual support for Defendant's contention that complying with Plaintiff's proposed protective order provision allowing Defendant to retain only a single copy and necessary backup copies would be unduly burdensome and expensive for Defendant and its counsel. (*See* Def's Decl of Kelber at 4, ¶ 16 ("With respect to DOJ workstations (laptop or desktop computers), DOJ Information Services staff would need to do a full wipe and rebuild of each DOJ-owned laptop or desktop computer used by the Assistant Attorneys General, DOJ staff, and DOJ supervisory personnel who open any files with Confidential Documents. For each machine, I estimate it would take 6 to 8 hours to perform the wipe and another 2 to 3 hours to rebuild the machine. DOJ alternatively could securely shred the hard drive and install a new one before rebuilding the workstation. That alternative would impose additional costs and also take significant time for both DOJ Information Services staff and the employees whose workstations are affected. Under either alternative, it would take several days of DOJ Information Services staff time and be temporarily disruptive to the DOJ employees whose workstations' hard drives needed to be wiped or replaced and restored."); *id*. at 5, ¶ 17 ("With respect to DOJ-issued iPhones that may have been used to view Confidential Documents, DOJ likely would have to destroy the devices and purchase new ones. This process would take 1 to 2 hours per device to reconfigure the new devices, in addition to the time it would take to securely destroy the devices.")

Defendant's declarations also support a conclusion that the additional measures in Plaintiff's proposal would offer little additional protection of Plaintiff's confidential information. (*Id*. at 5, ¶ 18 ("In my judgment, wiping and rebuilding DOJ workstations would offer no

meaningful additional protection to plaintiff against unauthorized disclosure. Information stored on DOJ workstation hard drives is encrypted. If Confidential Documents were deleted and emptied from the Windows recycle bin by the user, then, after 30 days, the only way to recover the encrypted data would be if the person both had a forensic tool to recover deleted files and a DOJ admin account to gain access. In addition, workstations are periodically upgraded and replaced, at which time the old workstations' hard drives are securely shredded.").) By comparison, Kelber's declaration states that the version of Section 7.d. proposed by Defendant "is drastically less onerous than under the version of Section 7(d) contained in Apple's Proposed Order because defendant's version would require deletion only from any affected workstations and iPhones and would not require DOJ Information Services staff to perform the exhaustive search and deletion procedures for DOJ-managed servers and systems described above with respect to Section 7(d) under Apple's Proposed Order." (*Id*. at 8, ¶ 26; *accord* Def's Decl of Schiffer at 2-3, ¶¶7-9.)

Plaintiff's evidence fails to address Defendant's representations regarding the burdensomeness of Plaintiff's proposed protective order. Declarations of Plaintiff's Tax Project Manager establish the confidential nature of Plaintiff's proprietary information and the economic importance to Plaintiff of its continued protection, and the seriousness with which Plaintiff protects its own confidential information, but they do not put forth any facts demonstrating how the safeguards of Defendant and its counsel are insufficient to protect that information. (*See* Ptf's Decl of Berwick at 2, ¶ 7; *see generally* Ptf's Second Decl of Berwick, Nov 10, 2025.) The court finds Defendant's detailed factual evidence more persuasive than Plaintiff's appeal to common sense.

/ / /

The court will amend Section 7.d. of Plaintiff's proposed order, replacing the first two sentences of Plaintiff's Section 7.d. with Defendant's proffered "Alternative 2," as modified to remove references to Defendant's "agents" for the reasons explained in the next section.

B. *Notification to Third Parties to Destroy Documents Under ORS 314.840 (Section 7.d., Part II)*

In Section 7.d., Part II, Plaintiff requests that the Protective Order require Defendant, after the conclusion of this case, to

> "(i) *notify other state and federal state agencies* to whom Defendant has provided copies of Confidential Documents, and (ii) persons/entities to whom the court, on Defendant's motion, has permitted Defendant to disclose Confidential Documents, that the case has been closed and of *their obligation to destroy any copies of Confidential Documents* that Defendant disclosed to them."

(Ptf's Motion at 16 (emphases added).) Plaintiff argues that, because any disclosure of Confidential Documents will occur only as a result of discovery in this case, the retention rights of a taxing authority not involved with this case should be no greater than the rights of Defendant and its counsel. (*See* Ptf's Motion at 18.) Plaintiff also argues that there is no undue burden on Defendant to comply with Plaintiff's proposal because Defendant will know the identities of the persons to whom it has provided copies of Confidential Documents, and the proposal merely requires Defendant to notify those persons of their obligation; the proposal does not require Defendant to monitor or certify that those persons have complied. (*See Id*. at 18-19.)

Defendant objects on the ground that limitations on other governments would violate the legislature's intention in adopting ORS 314.840(2):

> "The purpose of assisting the IRS or another state with tax administration and compliance under ORS 314.840(2)(c), (d), and (e) does not end once the current litigation ends. The IRS or other state may still be conducting its audit of plaintiff, or it still may be engaged in litigation with plaintiff based in part on its review of the Confidential Documents received in the exchange permitted by ORS 314.840(2). The IRS or other state still must comply with IRC § 6103 or the other state's law prohibiting redisclosure regardless of when the current litigation is over. Similarly, the IRS or other state may happen to

request the documents only after the current litigation is over, for purposes of tax administration and compliance that are just as valid after the end of this case as before."

(Def's Response at 26.) Defendant's proposal would not impose any requirements on the duration or manner of the storage of copies, or on the number of copies, of Confidential Documents by other tax bodies, nor would it require Defendant to communicate with other tax bodies about the conclusion of this case. (*See* Appendix A, Def's Section 7.d., Part II.)

The court first observes that each party appears to have made substantial effort to meet legitimate concerns of the other. Plaintiff does not seek to limit, during the pendency of this case, Defendant's disclosure to, or the storage or use by, other tax bodies of electronic copies of Confidential Documents for "tax administration and compliance purposes." Defendant, for its part, has taken seriously Plaintiff's concerns about data security by spelling out Defendant's own data security standards and practices and those of its counsel as to documents within their control.

Nonetheless, the court finds that justice is not sufficiently served by either party's proposal to address indefinite-term retention of electronic copies by other tax bodies. Plaintiff's proposal fails because the court readily agrees with Defendant that another tax body's retention of Confidential Documents for some period beyond the duration of this case may be necessary to achieve the "purposes" of "administration and compliance" of the tax laws over which the other tax body has jurisdiction.[9] However, the record contains no factual basis to conclude that

_____

[9] The court is satisfied that, in enacting ORS 314.840(2), (c), (d), and (e), the Oregon legislature intended to facilitate the *recipient's* tax administration as part of a reciprocal intergovernmental system of disclosure that also benefits Oregon. An analysis under *State v. Gaines* supports this conclusion. 346 Or 160, 164, 206 P3d 1042 (2009). Nothing in the text of ORS 314.840(2) suggests an intention to temporally limit Defendant's authority to disclose information. Other statutes provide context showing that the federal government and other states and localities authorize disclosure of otherwise confidential information to Oregon and other states for tax administration purposes, provided the recipient adopts laws protecting the confidentiality of the information. *See, e.g.,* IRC § 6103(p)(8)(A) (disclosure to states prohibited "unless such State adopts provisions of law which protect the confidentiality of the * * * Federal return information."). Legislative testimony of Defendant's attorney adds further support. *See* Testimony, Ted DeLooze, Senate Revenue and School Finance, Tape 8 Side 1, Feb 7, 1979, at 20:00-

allowing other tax bodies to store multiple copies of Confidential Documents electronically indefinitely will not appreciably increase the risk of improper disclosure. Defendant's declarations as to the protections afforded by Defendant's and its counsel's data security standards and practices say nothing about the standards and practices of other tax bodies. For that reason, the court also cannot accept Defendant's proposal, which leaves that issue wholly unaddressed.

Similarly, the court sees no basis in the record to assume that the standards and practices of Defendant's "agents" would protect Plaintiff's Confidential Documents indefinitely, as Defendant's declarations refer only to Defendant itself and its counsel. Defendant clarifies in briefing that it intends "agents" to mean persons employed by Oregon state agencies other than Defendant or its counsel, or other persons under contract with Defendant to provide services, pursuant to ORS 314.840(2)(g) and (h), respectively. (*See* Def's Response at 15 n 7.) The court will treat persons described in ORS 314.840(2)(g) or (h) in the same manner as other tax bodies.

The court will insert the following provision in lieu of Section 7.d., Part II:

"Defendant shall notify persons described in Section 4 of their obligation to comply with the requirements of this Section 7,

(i)     "provided, however, that Defendant has no obligation to notify any person described in Section 4(d), Section 4(g), or, unless the court's order described in Section 4(h) specifically requires notification to be provided pursuant to this Section 7(d), a person described in Section 4(h);

(ii)    "provided further that when disclosing any Confidential Document to a person described in ORS 314.480(2)(c), (d), (e), (g), or (h), Defendant shall notify the recipient that (A) the recipient's retention of Confidential Documents is subject to this Protective Order; (B) nothing in this Protective Order limits the protections

_____

27:00 (in support of Or Laws 1979, ch 690, § 2 (SB 168) (amending ORS 314.840) ("If all states have an exchange program for information, income tax information, now federal has come into the picture and there's the possibility that federal information may be exchanged also. We are putting a limitation on that exchange so that those states have to have a confidentiality provision which meets the federal requirements * * *."); *see also* Testimony, Ted DeLooze, Senate Revenue, Tape 6, Side 1, Jan 30, 1973, at 54:00-57:00 (in support of Or Laws 1973, ch 106, § 1; amending ORS 314.840) (discussing adoption of MTC joint audit program as "representing the ways we already can give information to other states" under existing confidentiality provisions).

against disclosure of taxpayer information under any federal, state, or other law; (C) nothing in this Protective Order requires any person to delete or destroy information in violation of law; (D) nothing in this Protective Order limits the recipient's retention or use of Confidential Documents for tax administration and compliance purposes before Defendant transmits to the recipient notice that this case has been finally resolved; and (E) within 30 days after the Case Resolution Date, Defendant shall notify each recipient that this case has been finally resolved, with reference to this Protective Order and to the requirement in paragraph (iii); and

(iii) "provided further that within 60 days after receiving notice under paragraph (ii)(E), a recipient shall either (1) certify to Defendant that all copies of Confidential Documents stored electronically have been irretrievably destroyed, or (2) move to intervene in this court for a modification to this Protective Order to allow retention of Confidential Documents beyond the Case Resolution Date, including, without limitation, on the basis that the recipient's data management systems provide adequate protections against impermissible disclosure.

Stipulated amendments to the foregoing text are a proper subject for reconsideration under TCR 64.

C. *Whether Defendant May Seek to Modify the Protective Order*

Plaintiff's proposed Section 11 would allow a future protective order if (1) sought by a party resisting discovery of Confidential Documents (2) of a "highly proprietary or sensitive nature," if (3) the party determines that the protections in the instant protective order are "insufficient." While acknowledging that "[t]he court has the inherent right to modify a protective order," Plaintiff appears to interpret its proposal as an implicit bar against a party seeking a future order or modification if the three criteria are not satisfied, citing a need for "baseline protections" upon which it can rely. (*See* Ptf's Motion at 7 & text at n 4; *id.* at 20 ("Defendant insists that, as a condition to Apple having the ability to seek additional protections, Defendant should have the ability to reopen the entire protective order. That makes no sense.").)

Defendant's proposed Section 11 would allow Plaintiff to seek an additional protective order if Plaintiff satisfies the conferral requirement in TCR 14 (C)(1), without any further

restriction, and without limiting either party's right to seek a modification of the instant protective order. Defendant argues:

> "[T]he department does not disagree that plaintiff will have reliance interests and that those interests would be relevant if defendant or a third party ever sought modification of the protective order. The problem with plaintiff's argument is that plaintiff's reliance interest is not the only interest at stake. If the department or a third party ever requested the court to modify the protective order, the importance of plaintiff's interest relative to those other interests would need to be evaluated by the court at that time based on whatever modification was being proposed and the reasons for the proposed modification."

(Def's Resp Ptf's Mot Reply at 9.)

The court agrees with Defendant. The court cannot foresee all future circumstances that may lead a party to request a new protective order or a modification of the instant protective order. Other courts have recognized that protective orders often are necessarily overinclusive such that subsequent modification is appropriate. *See e.g. Pub. Citizen v. Liggett Grp., Inc.*, 858 F 2d 775, 790 (1st Cir 1988) ("Although such blanket protective orders may be useful in expediting the flow of pretrial discovery materials, they are by nature overinclusive and are, therefore, peculiarly subject to later modification."). If a party requests a new protective order or a modification of the instant protective order, the court may properly consider any reliance interest of Plaintiff as part of its evaluation of the motion. *See e.g. id*. 858 F 2d at 791 (discussing reliance interest in a protective order). The court will adopt Defendant's version of Section 11. Now, therefore,

IT IS ORDERED that Plaintiff's motion to enter a protective order is granted in part and denied in part as addressed above. The court will enter Plaintiff's form of Protective Order, as submitted on September 22, 2025, with modifications shown by interlineation to reflect this order.

/ / /

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave To File a Reply to Defendant's Response to Plaintiff's Motion for Protective Order is granted without need for any further filings. The court treats Plaintiff's November 14, 2025, filing as the reply. The court also takes full account of Defendant's Response to Plaintiff's Motion for Leave To File a Reply dated November 24, 2025.

Dated this 23rd day of January, 2026.

1/23/2026 9:17:05 AM

Judge Robert T. Manicke

# APPENDIX A
## Comparison of Proposed Section 7.d., Part I, Section 7.d., Part II, and Section 11
### (Adopted Text Shown in Shading)

| Plaintiff's Proposals<br>*See* Proposed Protective Order filed September 22, 2025 | Defendant's Proposals<br>*See* Defendant's Response filed October 15, 2025, Exhibit A |
|---|---|
| **Plaintiff's proposed Section 7.d., Part I**<br>d. Any copies of Confidential Documents in digital or electronic form shall be deleted or destroyed (in such a manner that they cannot be retrieved or restored) within 30 days after the expiration of all periods to appeal the tax court judgment or appellate judgment (if applicable) in this litigation, including any judgment on remand (the "Case Resolution Date"); provided that Defendant may retain a single copy of each Confidential Document on a server that is subject to the same information security practices as are used with respect to other tax information and "particulars" that are protected from disclosure under ORS 314.835; provided further that additional copies required solely as part of the Defendant's standard computer file back-up and data security procedures, undertaken in the ordinary course of Defendant's regular business operations and protected from disclosure under ORS 314.835, are permitted. Nothing in this Protective Order requires any person to delete or destroy information in violation of law. | **Defendant's proposed Section 7.d., Part I (Alternative 1)**<br>d. After the case concludes, defendant and its counsel must continue to take reasonable precautions to keep any copies of Confidential Documents kept in electronic form secure using the same information security practices as are used with respect to other tax information and "particulars" that are protected from disclosure under ORS 314.835.<br><br>**Defendant's proposed Section 7.d., Part I (Alternative 2)**<br>d. Any copies of Confidential Documents that both (A) are stored in electronic or digital form by Defendant, Defendant's counsel, or their agents, and (B) are not stored on a secure server operated by Defendant, Defendant's counsel, or their agents, shall be deleted or destroyed (in such a manner that they cannot be retrieved or restored) within 30 days following the expiration of all periods to appeal the tax court judgment or appellate judgment in this litigation, including any judgment on remand, if applicable. Nothing in this Protective Order shall require Defendant, Defendant's counsel, or their agents to delete or destroy copies that are managed by the network or server and temporarily stored on laptops or similar devices if the same information security practices are used with respect to accessing other confidential tax information under ORS 314.835, nor shall anything in this Protective Order require any person to delete or destroy information in violation of law. |

**Court's adopted Section 7.d., Part I**

d. Any copies of Confidential Documents that both (A) are stored in electronic or digital form by Defendant or Defendant's counsel and (B) are not stored on a secure server operated by Defendant or Defendant's counsel shall be deleted or destroyed (in such a manner that they cannot be retrieved or restored) within 30 days following the expiration of all periods to appeal the tax court judgment or appellate judgment in this litigation, including any judgment on remand, if applicable. Nothing in this Protective Order shall require Defendant or Defendant's counsel to delete or destroy copies that are managed by the network or server and temporarily stored on laptops or similar devices if the same information security practices are used with respect to accessing other confidential tax information under ORS 314.835, nor shall anything in this Protective Order require any person to delete or destroy information in violation of law.

| **Plaintiff's proposed Section 7.d., Part II** | **Defendant's proposed Section 7.d., Part II** |
|---|---|
| Within 30 days after the Case Resolution Date, Defendant shall notify persons described in Section 4(a), (b), (c), (e), (f) and (h) that the case has been finally resolved and of their obligation to comply with the requirements of this Section 7. | Defendant shall notify persons described in Section 4 of their obligation to comply with the requirements of this Section 7, except that Defendant has no obligation to notify the following: any person described in Section 4(d) or (g); any person described in ORS 314.840(2)(c), (d), or (e); and, unless the court's order described in Section 4(h) specifically requires notification to be provided pursuant to this Section 7(d), a person described in Section 4(h). |

**Court's adopted Section 7.d., Part II**

Defendant shall notify persons described in Section 4 of their obligation to comply with the requirements of this Section 7,

    i.    provided, however, that Defendant has no obligation to notify any person described in Section 4(d), Section 4(g), or, unless the court's order described in Section 4(h) specifically requires notification to be provided pursuant to this Section 7(d), a person described in Section 4(h);

    ii.    provided further that when disclosing any Confidential Document to a person described in ORS 314.480(2)(c), (d), (e), (g), or (h), Defendant shall notify the recipient that (A) the recipient's retention of Confidential Documents is subject to this Protective Order; (B) nothing in this Protective Order limits the protections against disclosure of taxpayer information under any federal, state, or other law; (C) nothing in this Protective Order requires any person to delete or destroy information in violation of law; (D) nothing in this Protective Order limits the recipient's retention or use of Confidential Documents for tax administration and compliance purposes before Defendant transmits to the recipient notice that this case has been finally resolved; and (E) within 30 days after the Case Resolution Date, Defendant shall notify each

recipient that this case has been finally resolved, with reference to this Protective Order and to the requirement in paragraph (iii); and

iii. provided further that within 60 days after receiving notice under paragraph (ii)(E), a recipient shall either (1) certify to Defendant that all copies of Confidential Documents stored electronically have been irretrievably destroyed, or (2) move to intervene in this court for a modification to this Protective Order to allow retention of Confidential Documents beyond the Case Resolution Date, including, without limitation, on the basis that the recipient's data management systems provide adequate protections against impermissible disclosure.

| **Plaintiff's Proposed Section 11** | **Defendant's Proposed Section 11** |
|---|---|
| 11. In the event that a party seeks discovery of documents or information of a highly proprietary or sensitive nature, with respect to which the party from whom discovery is sought determines that the protections in this Protective Order are insufficient, the party from whom discovery is sought shall have the right to seek an additional protective order from the court, including an order limiting or prohibiting discovery, restricting the use of such documents or information, and/or providing additional restrictions on the storage and disclosure of such documents or information. The party seeking discovery shall have the right to oppose the motion in accordance with Tax Court Rules. | 11. Nothing in this Protective Order shall be construed as preventing Plaintiff from seeking an additional protective order from the court under TCR 36, including an order limiting or prohibiting discovery, imposing further restrictions on the use of documents or information, or imposing further restrictions on storage or disclosure of documents or information. Nothing in this Protective Order shall be construed as the conferral required under TCR 14 C(1) before Plaintiff files a motion for such an additional protective order. Nothing in this Section 11 should be construed as limiting the right of either Plaintiff or Defendant to seek a modification of this Protective Order under Section 14. |